(September 13, 1999)

■ DIANE AUSTIN, Respondent, v INTERFAITH MEDICAL CENTER, Defendant and Third-Party Plaintiff. COASTAL EMERGENCY SERVICES OF ROCHESTER INC., Doing Business as EMERGENCY MEDICAL SERVICE, et al., Third-Party Defendants-Appellants. [694 NYS2d 730] —In an action to recover damages for medical malpractice, the third-party defendants appeal from an order of the Supreme Court, Kings County (Bellard, J.), dated April 8, 1998, which denied their motion to dismiss the amended complaint insofar as asserted against them as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiff was taken by Emergency Medical Services to the emergency room of the defendant Interfaith Medical Center (hereinafter the Hospital) where she was treated in the emergency room by the third-party defendant Rafiq A. Sabir, M.D., for weakness on the left side of her body and slurred speech. She was later diagnosed as having suffered a stroke, and sustained damage to her left eye and brain. The plaintiff alleges that she received negligent medical treatment in the Hospital's emergency room.

Dr. Sabir was working as an emergency room physician pursuant to an agreement between the Hospital and the third-party defendant Coastal Emergency Services of Rochester Inc., d/b/a Brooklyn Emergency Medical Service (hereinafter Coastal), whereby Coastal was to provide full-time emergency physician services in the Hospital's emergency room. The agreement between the Hospital and Coastal provided, *inter alia*, that Coastal would indemnify the Hospital for claims "arising out of or resulting from wrongful acts or omissions of any Contractor-supplied Physician * * * in the clinical practice of medicine at Hospitals". There was a similar indemnification clause under which the Hospital was required to indemnify Coastal for claims "arising out of or resulting from wrongful acts or omissions of Hospitals or any Hospital personnel in the provision of medical and hospital services to patients of the Emergency Department". Dr. Sabir had also entered into an independent contractor physician agreement with Coastal which specifically stated that Dr. Sabir was Coastal's independent contractor and not an employee or agent of Coastal. Pur-

suant to the contract Dr. Sabir agreed to indemnify Coastal "against any and all loss, expense, costs, damage or liability whatsoever, including attorneys' fees * * * arising out of [his] actions or omissions, including any arising out of [his] performance of or failure to perform professional medical services under [the] Agreement". After the plaintiff timely commenced the instant action against the Hospital, the Hospital commenced a third-party action against Dr. Sabir and Coastal for indemnification and/or contribution. Thereafter, the plaintiff amended her complaint to bring a direct action against the third-party defendants to recover damages for negligence (*see,* CPLR 1009). The third-party defendants moved to dismiss the amended complaint insofar as asserted against them as barred by the Statute of Limitations. The Supreme Court denied the motion, finding that the third-party defendants are united in interest with the Hospital.

The plaintiff's causes of action to recover damages for medical malpractice had to be commenced within 2½ years after their accrual (*see,* CPLR 214-a). The third-party defendants met their initial burden of establishing prima facie the affirmative defense that the Statute of Limitations had elapsed. Thus, the burden shifted to the plaintiff to rebut this presumption by establishing the applicability of the relation-back doctrine of CPLR 203 (b) or (c) (*see, Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822).

For the rule allowing relation back to the date of service or filing of the original complaint under CPLR 203 (b) or (c) to be operative in an action in which a party is added beyond the applicable limitations period, a plaintiff is required to prove that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well (*Buran v Coupal,* 87 NY2d 173; *Moller v Taliuaga,* 255 AD2d 564).

The third-party defendants concede that the first prong of the test has been satisfied. However, they contend that they are not united in interest with the Hospital and did not have actual notice of the original complaint. Parties are united in interest only where "the interest of the parties in the subject-

matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Prudential Ins. Co. v Stone,* 270 NY 154, 159; *see, Mondello v New York Blood Ctr.-Greater N. Y. Blood Program,* 80 NY2d 219, 226; *Desiderio v Rubin,* 234 AD2d 581; *Brock v Bua,* 83 AD2d 61, 68). In short, "interests will be united, only where one is vicariously liable for the acts of the other" (*Connell v Hayden,* 83 AD2d 30, 45). Furthermore, the fact that one of the parties is vicariously liable for the conduct of the other, permits the new party to be charged with timely notice (*see, Brock v Bua,* 83 AD2d, *supra,* at 68-69).

The Hospital is vicariously liable for the malpractice of Dr. Sabir, an emergency room physician, even though he was an independent contractor with the Hospital at the time of the alleged malpractice (*see, Abraham v Dulit,* 255 AD2d 345; *Felter v Mercy Community Hosp.,* 244 AD2d 385; *Ryan v New York City Health & Hosps. Corp.,* 220 AD2d 734), and therefore, their interests are united. Furthermore, Coastal is required to indemnify the Hospital for the malpractice of Dr. Sabir by reason of the contractual indemnification clauses contained in the agreement between the Hospital and Coastal. Thus, the Hospital and Coastal are also united in interest (*see, Connell v Hayden,* 83 AD2d, *supra,* at 48). The plaintiff satisfied the second prong of the test with respect to both third-party defendants.

With respect to the third prong, the Supreme Court providently exercised its discretion in permitting the plaintiff's amended complaint against the third-party defendants to relate back to her original complaint against the Hospital since there was no showing of bad faith on the part of the plaintiff or prejudice to the third-party defendants in failing to initially identify them (*see, Buran v Coupal,* 87 NY2d 173, *supra*). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.