■ KATHLEEN T. HILLIARD et al., Respondents, v ROC-NEWARK ASSOCIATES, Appellant. [732 NYS2d 421] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated October 16, 2000, which denied its motion to dismiss the complaint insofar as asserted against it as time-barred, and granted the plaintiffs' cross motion for leave to serve an amended summons and complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

The injured plaintiff allegedly sustained injuries when she slipped and fell in the dining room of a hotel in Newark, New Jersey, on March 9, 1996. The hotel was owned by the defendant Roc-Newark Associates (hereinafter RNA), which operated it under a licensing agreement with Holiday Inns, Inc. (hereinafter Holiday Inn). In February 1999 the plaintiffs com-

menced this action against Holiday Inn. In April 1999, after the Statute of Limitations had expired, the plaintiffs served and filed an amended summons and complaint adding RNA as a defendant.

In January 2000 the Supreme Court granted Holiday Inn's motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that there was no factual or legal basis for holding it liable, and amended the caption to reflect RNA as the sole defendant. In May 2000 RNA moved to dismiss the complaint insofar as asserted against it as time-barred, and the plaintiffs cross-moved for leave to serve an amended summons and complaint. The Supreme Court denied the motion on the ground that Holiday Inn and RNA were united in interest, and granted the plaintiffs leave to serve an amended summons and complaint on RNA which would relate back to the date that the original complaint was timely served on Holiday Inn. We reverse.

The plaintiffs served the amended summons and complaint adding RNA as a defendant as of right prior to service of Holiday Inn's answer (*see,* CPLR 1003), but after the Statute of Limitations had expired as to RNA (*see,* CPLR 214 [5]). However, for service of the complaint on RNA to relate back to the commencement of the action against Holiday Inn for Statute of Limitations purposes, it was the plaintiffs' burden to prove that the relation-back doctrine applied by demonstrating that RNA was united in interest with Holiday Inn (*see,* CPLR 203 [c]; *Buran v Coupal,* 87 NY2d 173; *Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219; *Austin v Interfaith Med. Ctr.,* 264 AD2d 702).

"[W]here the two defendants are united in interest their defenses will be the same and they will either stand or fall together with respect to plaintiff's claim" (*Connell v Hayden,* 83 AD2d 30, 41; *see, Prudential Ins. Co. v Stone,* 270 NY 154; *Gatto v Smith-Eisenberg,* 280 AD2d 640). The question of unity of interest requires consideration of "(1) the jural relationship of the parties whose interests are said to be united and (2) the nature of the claim asserted against them" (*Connell v Hayden, supra,* at 42-43). In a negligence action, "the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other" (*Connell v Hayden, supra,* at 45; *see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, supra; Desiderio v Rubin,* 234 AD2d 581). Underlying the doctrine of vicarious liability is the notion of authority or control over the alleged wrongdoer (*see, Kavanaugh v Nussbaum,* 71 NY2d 535, 546; *L & L Plumbing & Heating v DePalo,* 253 AD2d 517).

The relationship between Holiday Inn and RNA was that of licensor and licensee, respectively. Pursuant to their agreement, RNA, as the owner of the hotel, was permitted to use the Holiday Inn "system," which included, *inter alia*, the service mark "Holiday Inn," a particular computerized reservation network, programs for advertising, training, and inspection, and standards contained in Holiday Inn's manual. RNA was required to maintain the hotel "in a clean, safe and orderly manner" in compliance with Holiday Inn's quality standards, and the hotel was subject to inspection by Holiday Inn. RNA was also required to pay a monthly royalty fee based on its gross revenues, make contributions for marketing and reservations based on a percentage of its gross rooms revenue, and pay a fee to use the computerized reservation network. However, the agreement provided that RNA was an independent contractor. No agency, joint venture, or partnership relationship was created, and neither party had "the right to direct or supervise the daily affairs" of the other.

The evidence in the record established that RNA owned and operated the hotel on a daily basis, and that the parties to the licensing agreement did not intend to create any agency, joint venture, or partnership relationship as to the operation of the hotel by virtue of RNA's use of Holiday Inn's "system" (*see, Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313).

Moreover, considering the nature of the plaintiffs' claim, RNA and Holiday Inn were not united in interest. The injured plaintiff slipped and fell in the hotel dining room and claimed that they negligently failed to clean liquid that had accumulated on the floor. Liability for a dangerous condition on real property must be predicated upon a defendant's ownership, occupancy, control, or special use of the subject property (*see, Morrison v Gerlitzky*, 282 AD2d 725). The licensing agreement did not give Holiday Inn any authority or control over daily cleaning and maintenance such that RNA's alleged negligence could be imputed to it. In fact, the complaint was dismissed insofar as asserted against Holiday Inn on the ground that there was no factual or legal basis for a finding of liability, and the plaintiffs did not appeal that determination. Holiday Inn asserted a defense based on its lack of authority or control over the hotel which was unavailable to RNA, and thus they do not stand or fall together with respect to the plaintiffs' claim (*see, Desiderio v Rubin, supra*; *cf., Poulard v Papamihlopoulos*, 254 AD2d 266).

Although the licensing agreement required RNA to indemnify

Holiday Inn as to any claims arising out of the operation of the hotel, that does not establish that they were united in interest as to the plaintiffs' claim in the absence of vicarious liability (*cf., Austin v Interfaith Med. Ctr., supra*). Accordingly, RNA's motion is granted, the plaintiffs' cross motion is denied, and the complaint is dismissed. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.