■ RICARDO VALMON et al., Respondents, v 4 M & M CORPORATION, Doing Business as HARBOR COVE INN, Defendant, and FOUR STAR RESORTS BAHAMAS LIMITED, Doing Business as HARBOR COVE INN, Appellant. [738 NYS2d 340] —Order, Supreme Court, New York County (Edward Lehner, J.), entered November 2, 2000, which granted plaintiff's motion to confirm the Referee's report that Four Star Resorts Bahamas Limited (Four

Star) is "united in interest" with defendant 4 M & M Corporation and, therefore, that the "relation back" doctrine should apply so that service made upon Four Star after the expiration of the statute of limitations should be deemed timely and denied Four Star's motion to dismiss the complaint against it on statute of limitations grounds, unanimously reversed, on the law, without costs, plaintiff's motion to confirm the Referee's report denied, Four Star's cross motion to disaffirm such report and its motion to dismiss the complaint granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

It is undisputed that defendant 4 M & M, a New York corporation, was formed to lend money to Four Star in order for Four Star, a Bahamian corporation, to purchase the resort property in the Bahamas where plaintiff was injured while playing basketball. It is also undisputed that the corporations have the same shareholders, officers and comptroller. However, having common shareholders and officers is not dispositive on the issue of unity of interest and such unity of interest will not be found unless there is some relationship between the parties giving rise to the vicarious liability of one for the conduct of the other (*Vanderburg v Brodman*, 231 AD2d 146, 147, citing *Mondello v New York Blood Ctr.*, 80 NY2d 219, 225).

There is nothing in the record to indicate that Four Star and 4 M & M are vicariously liable for the acts of the other. 4 M & M's and Four Star's interests do not stand and fall together, as their defenses are different. Notably, 4 M & M's defense that it is not the property owner is not available to Four Star. Further, a judgment against 4 M & M would have no effect on Four Star, and would not be enforceable against Four Star. Likewise, a judgment against Four Star would have no effect on 4 M & M.

As the Court of Appeals noted in *Mondello*, "liability in negligence is premised on a wrongdoer's own fault, not the fault of others" (80 NY2d at 226). Here, plaintiffs' allegation is that Four Star, as the property owner, negligently failed to keep the subject basketball court in a safe condition. The plaintiffs have not established how 4 M & M, a financing vehicle, could be liable for Four Star's negligence in this situation (*see, Hilliard v Roc-Newark Assoc.*, 287 AD2d 691 [liability for a dangerous condition on real property must be predicated upon a defendant's ownership, occupancy, control, or special use of the subject property]; *cf. Buran v Coupal*, 87 NY2d 173, 179 n 2 [husband and wife as co-owners of property are jointly and severally liable for each other's acts with respect to the

property and, thus, are united in interest for the purposes of the relation back doctrine]). Plaintiffs sued the wrong defendant in the first instance and cannot at this late juncture correct that error by attempting to serve the correct defendant under the relation back doctrine. Based on the foregoing, the plaintiffs have not established that Four Star and 4 M & M are united in interest; therefore, service against Four Star was untimely and the complaint should have been dismissed.

Finally, even if plaintiffs established that 4 M & M and Four Star were united in interest, it is not clear their mistake was "excusable" inasmuch as the ownership of the property in question is a matter of public record, albeit, in the Commonwealth of the Bahamas, and, thus, available for discovery by plaintiffs. Concur—Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.