■ ARTHUR MERCER, Appellant, v 203 EAST 72ND STREET CORP., Appellant, and 27 W. 72 GOURMET, LTD., et al., Respondents, et al., Defendant. [751 NYS2d 457] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered February 11, 2002, which granted the motion of defendant 27 W. 72 Gourmet, Ltd. (27 West) for summary judgment dismissing the complaint as against it, and denied plaintiff's cross motion for leave to amend the summons and complaint to add a new defendant, unanimously affirmed, without costs.

The motion of 27 West for summary judgment was properly

granted since 27 West, through the testimony of its comptroller, made a prima facie showing that it did not own or control the premises where plaintiff allegedly slipped and fell, and plaintiff did not meet his consequent burden to come forward with admissible opposing evidence sufficient to create a triable issue as to 27 West's ownership or control of the subject premises (*see Grullon v City of New York*, 297 AD2d 261). Plaintiff made no showing to explain how 27 West could be held accountable for the negligent operation of the restaurant where plaintiff's accident allegedly occurred, a restaurant physically and operationally distinct from that operated by 27 West.

Plaintiff's cross motion, which relied on the relation-back doctrine, was properly denied. Plaintiff's showing that the proposed defendant and a named defendant had common shareholders, officers and a comptroller was insufficient to establish that the two entities were united in interest (*see Buran v Coupal*, 87 NY2d 173; *Valmon v 4 M & M Corp.*, 291 AD2d 343, 344, *lv denied* 98 NY2d 611). Unity of interest will not be found unless there is some relationship between the parties giving rise to the vicarious liability of one for the conduct of the other, which is plainly absent here (*id.*). We also note that plaintiff was not entitled to rely upon the relation-back doctrine for the additional reason that his failure to name the proposed defendant in the original summons and complaint was not attributable to mistake in identifying the proposed new defendant. Concur—Andrias, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.