■ THELITE REGINA et al., Appellants, v BROADWAY-BRONX MOTEL COMPANY et al., Respondents. [804 NYS2d 305]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered April 27, 2004, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court properly dismissed the complaint against defendant In-Town Motel Corp. (In-Town) on statute of limitations grounds. Plaintiffs may not rely on the relation back doctrine (*Buran v Coupal*, 87 NY2d 173, 177 [1995]; CPLR 203 [b]) since they have failed to demonstrate that defendant Broadway-Bronx Motel Company (Broadway) and In-Town were united in interest. "[U]nity of interest will not be found unless there is some relationship between the parties giving rise to the vicarious liability of one for the conduct of the other" (*Mercer v 203 E. 72nd St. Corp.*, 300 AD2d 105, 106 [2002]; *Valmon v 4 M & M Corp.*, 291 AD2d 343 [2002], *lv denied* 98 NY2d 611 [2002]). Plaintiffs' suspicions and conjecture as to the relationship between In-Town and Broadway find no support in the record, which fails to indicate that the two were related, except as landlord and tenant. Nor is there evidence raising a triable issue as to whether In-Town's identity as the operator of the Motel was actively concealed from plaintiff. In Broadway's answer, it denied operation of the Motel, putting plaintiffs on notice that a proper party had not been discovered. Neither Broadway nor the insurer were duty bound to inform plaintiffs that they had not sued a proper party (*see McGee v Bells Supermarket*, 177 AD2d 975 [1991]; *Hart v Marriott Intl.*, 304 AD2d 1057, 1060 n 3 [2003]). Plaintiff made no relevant discovery demands on this topic until after the statute of limitations had already run.

In any event, the court properly dismissed the complaint as

against all defendants on the ground that the record presented no triable issue as to the foreseeability of the assault upon plaintiff in defendants' motel. At most, plaintiffs have demonstrated ambient neighborhood crime, which was insufficient to raise an issue as to the foreseeability of criminal activity within the motel (*see Buckeridge v Broadie*, 5 AD3d 298, 300 [2004]; *Johnson v City of New York*, 7 AD3d 577, 578 [2004], *lv denied* 4 NY3d 702 [2004]; *Evans v 141 Condominium Corp.*, 258 AD2d 293, 295 [1999]; *Todorovich v Columbia Univ.*, 245 AD2d 45, 47 [1997], *lv denied* 92 NY2d 805 [1998]).

The complaint was properly dismissed against Broadway on the additional ground that it was an out-of-possession landlord with limited rights of reentry, and as such it could not be held liable for the assaults (*see DeLeon v Port Auth. of N.Y. & N.J.*, 306 AD2d 146 [2003]). Concur—Buckley, P.J., Nardelli, Williams, Gonzalez and McGuire, JJ.