■ SEW WAI YONG, Appellant, v CITY OF NEW YORK et al., Defendants, and METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. [841 NYS2d 3]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 8, 2006, which, to the extent appealed from, granted the motion by defendant Metropolitan Transportation Authority (MTA) for summary judgment dismissing the complaint and all cross claims against it, and denied plaintiff's cross motion for leave to serve an amended complaint adding two new defendants, unanimously affirmed, without costs.

"Liability for a dangerous condition on property may only be

predicated upon occupancy, ownership, control or special use of such premises" (*Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 254 [2005]). Under an agreement between the parties, Amtrak leased the subject premises, including the escalator where plaintiff purportedly fell, to the Long Island Railroad (LIRR). The plain language of the contract specified that LIRR was solely responsible for personal injuries sustained as a result of the subject escalator.

Plaintiff moved to amend her complaint to add LIRR and the National Railroad Passenger Corporation (Amtrak) as defendants, arguing that she satisfied the three-prong test for the relation-back doctrine set forth in *Buran v Coupal* (87 NY2d 173 [1995]). We reject that argument, as plaintiff has failed to demonstrate that these proposed defendants were united in interest with MTA (*Mercer v 203 E. 72nd St. Corp.*, 300 AD2d 105, 106 [2002]; *Valmon v 4 M & M Corp.*, 291 AD2d 343 [2002], *lv denied* 98 NY2d 611 [2002]).

The record fails to support plaintiff's contention that MTA should be equitably estopped from challenging the requested amendment (*Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]). In MTA's answer, it explicitly stated that it owed no duty to plaintiff, as it did not "own, operate, manage or control the subject area." Such language clearly put plaintiff on notice that a proper party may not have been discovered (*see Regina v Broadway-Bronx Motel Co.*, 23 AD3d 255 [2005]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.