■ DAVID XAVIER, Respondent, v RY MANAGEMENT COMPANY, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [846 NYS2d 227]—

In an action to recover damages for personal injuries, the defendant RY Management Co., Inc., appeals from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated October 17, 2006, as, upon reargument, adhered to its prior determination in an order dated May 18, 2006, denying the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order dated October 17, 2006 is reversed insofar as appealed from, on the law, with costs, upon reargu-

ment, the motion of the defendant RY Management Company, Inc., to dismiss the complaint insofar as asserted against it as time-barred is granted, and the order dated May 18, 2006 is vacated.

On or about June 11, 2002 the plaintiff commenced an action against the defendant Linden Plaza Housing Co., Inc. (hereinafter Linden Plaza). The plaintiff, a New York City Police Officer, alleged that on November 20, 2001 he was injured while running up a stairwell as he was pursuing a fleeing suspect at premises owned by Linden Plaza. On or about June 7, 2005 the plaintiff commenced the present action arising out of the same incident and named RY Management Company, Inc. (hereinafter RY) as the defendant. By order dated May 18, 2006, the Supreme Court denied RY's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred, and also directed that this action be consolidated with the first action.

Upon granting RY's subsequent motion for leave to reargue, the Supreme Court erred in adhering to its original determination.

RY met its initial burden of establishing, prima facie, that the three-year statute of limitations governing personal injury actions had expired prior to the commencement of the action against it (see CPLR 214 [5]; see generally Austin v Interfaith Med. Ctr., 264 AD2d 702, 703 [1999]. Thus, the burden shifted to the plaintiff to establish the applicability of the relation-back doctrine (see Nani v Gould, 39 AD3d 508, 509 [2007]; Austin v Interfaith Med. Ctr., 264 AD2d 702 [1999]).

The three conditions a plaintiff must satisfy before claims against one defendant may relate back to claims asserted against another are that: "(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining its defense on the merits, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (Austin v Interfaith Med. Ctr., 264 AD2d 702, 703 [1999], citing Buran v Coupal, 87 NY2d 173, 178 [1995]).

While CPLR 203 (c) speaks of the relation-back doctrine applying to claims "interposed against the defendant or codefendant united in interest with such defendant when the action is commenced," the doctrine may also apply to separate actions which are ultimately consolidated (see DeLuca v

*Baybridge at Bayside Condominium I,* 5 AD3d 533, 535 [2004]). Parties are united in interest when their interests in the subject matter is such that they will stand or fall together with respect to the plaintiff's claim (*see Losner v Cashline, L.P.,* 303 AD2d 647, 648 [2003]; *Hilliard v Roc-Newark Assoc.,* 287 AD2d 691, 692 [2001]). In a negligence action, "the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other" (*Connell v Hayden,* 83 AD2d 30, 45 [1981]; *see Gatto v Smith-Eisenberg,* 280 AD2d 640, 641 [2001]). To establish a unity of interest between two defendants, "[m]ore is required than a common interest in the outcome" (*Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.,* 302 AD2d 155, 165 [2002]). The fact that two defendants may share resources such as office space and employees is not dispositive (*see Zehnick v Meadowbrook II Assoc.,* 20 AD3d 793, 796 [2005]; *Valmon v 4 M & M Corp.,* 291 AD2d 343 [2002]). They must also share exactly the same jural relationship in the subject action (*see Connell v Hayden,* 83 AD2d 30 [1981]).

The plaintiff failed to satisfy his burden of establishing the applicability of the relation-back doctrine as there is nothing in the record to indicate that RY and Linden Plaza are vicariously liable for the acts of the other. RY, as the managing agent of the premises where the plaintiff allegedly was injured, and Linden Plaza, as the owner, have different defenses. Moreover, a judgment against one would not affect the other (*see Hilliard v Roc-Newark Assoc.,* 287 AD2d 691 [2001]; *Valmon v 4 M & M Corp.,* 291 AD2d 343 [2002]). Thus, they are not united in interest, the plaintiff's claims against RY do not relate back to the time of commencement of the action against Linden Plaza, and accordingly, they are time-barred.

Any remaining contentions either are without merit or have been rendered academic by our determination. Prudenti, P.J., Spolzino, Fisher and Dillon, JJ., concur.