THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALLEN, Appellant. [975 NYS2d 872]—Judgment of resentence, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered November 20, 2012, resentencing defendant, as a second violent felony offender, to an aggregate term of 57 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (see People v Lingle, 16 NY3d 621 [2011]). Concur—Tom, J.P., Friedman, Renwick, Feinman and Clark, JJ.

GREATER NEW YORK MUTUAL INSURANCE COMPANY, as Subrogee of Bauman 34th Street, LLC, et al., Appellants, v COACH, INC., Defendant, and GATEWAY ENTERPRISES, INC., Respondent. [975 NYS2d 873]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered July 17, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to amend the complaint to add a new defendant, and granted defendant Gateway Enterprises, Inc.'s cross motion for summary judgment, unanimously modified, on the law, to deny Gateway's cross motion, and otherwise affirmed, without costs.

Given the numerous statements and evidentiary items plaintiff received that indicated nonparty LJG performed work on the job in question, plaintiff's failure to make diligent inquiry into LJG's role precludes the application of the relation back doctrine here (Tucker v Lorieo, 291 AD2d 261, 262 [1st Dept 2002]). Further, plaintiff failed to establish that defendant Gateway would be vicariously liable for any acts by LJG. Thus, notwithstanding some overlap of ownership and officers, there was no unity of interest between Gateway and LJG (Mercer v 203 E. 72nd St. Corp., 300 AD2d 105, 106 [1st Dept 2002]). However, the statements by Gateway that it was the contractor on the job, coupled with other evidence of its role on the job and the fact that it may have supervised the work in question, precludes the grant of summary judgment in its favor. Concur—Tom, J.P., Friedman, Renwick, Feinman and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 31862(U).]**