◼ ALEX MONTALVO et al., Appellants, v MADJEK, INC., et al., Respondents, et al., Defendant. [15 NYS3d 471]—

In an action to recover damages for personal injuries, etc. the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated December 18, 2013, as, in effect, granted that branch of the motion of the defendants Madjek, Inc., and Madjek, LLC, which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against the defendant Madjek, Inc., as time-barred, and denied their cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint to add Madjek, Inc., as a defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 8, 2010, the plaintiff Alex Montalvo (hereinafter the injured plaintiff) allegedly was injured while using certain display shelving units in the course of his employment. On March 28, 2013, the injured plaintiff, and his wife suing derivatively, commenced this action against the defendants Madjek, LLC, Madjek Construction, Inc., and Doc's Electrical Contractors, Inc. On May 16, 2013, the plaintiffs filed a supplemental summons and amended complaint adding Madjek, Inc., as a defendant and asserting the same causes of action against it. Madjek, Inc., and Madjek, LLC (hereinafter together the Madjek defendants), moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against Madjek, Inc., as time-barred. The plaintiffs opposed the motion and cross-moved pursuant to CPLR 3025 (b) and 203 (b) for leave to amend the complaint to add Madjek, Inc., as a defendant pursuant to the relation-back doctrine. The Supreme Court, inter alia, in effect, granted that branch of the Madjek defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against Madjek, Inc., as time-barred, and denied the plaintiffs' cross motion. The plaintiffs appeal from those portions of the order, and we affirm the order insofar as appealed from.

To establish the applicability of the relation-back doctrine, a plaintiff is required to prove that: (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the commencement of the action such that it will not be prejudiced in maintaining its defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiffs as to the identity of the proper parties, the action would have been brought against it as well (see CPLR 203 [b]; Buran v Coupal, 87 NY2d 173, 178 [1995]; Roseman v Baranowski, 120 AD3d 482, 484 [2014]; Castagna v Almaghrabi, 117 AD3d 666, 667 [2014]). Once a defendant has demonstrated that the statute of limitations has expired, the burden is on the plaintiff to establish the applicability of the relation-back doctrine (see LeBlanc v Skinner, 103 AD3d 202, 208 [2012]; Cardamone v Ricotta, 47 AD3d 659, 660 [2008]).

While it is undisputed that the first prong of the test has been satisfied here, the plaintiffs failed to establish that the Madjek defendants are united in interest. Defendants are united in interest only when their interest "in the subject-matter [of the action] is such that [the defendants] stand or

fall together and that judgment against one will similarly affect the other" (*Prudential Ins. Co. v Stone*, 270 NY 154, 159 [1936]). Defendants are not united in interest if there is a possibility that the new party could have a different defense than the original party (*see LeBlanc v Skinner*, 103 AD3d at 210; *Arsell v Mass One LLC*, 73 AD3d 668, 669 [2010]; *Xavier v RY Mgt. Co., Inc.*, 45 AD3d 677, 679 [2007]). Here, the only fact that the plaintiffs established in support of their contention that the Madjek defendants were united in interest was that the president of Madjek, Inc., was a member of Madjek, LLC. This fact, standing alone, is insufficient to establish that the Madjek defendants are vicariously liable for the acts of each other and, thus, is insufficient to establish that the Madjek defendants are united in interest (*see Xavier v RY Mgt. Co., Inc.*, 45 AD3d at 679; *Scoma v Doe*, 2 AD3d 432, 433 [2003]; *Mercer v 203 E. 72nd St. Corp.*, 300 AD2d 105, 106 [2002]; *Desiderio v Rubin*, 234 AD2d 581, 583 [1996]; *Capital Dimensions v Samuel Oberman Co.*, 104 AD2d 432, 433-434 [1984]).

The plaintiffs' remaining contention is without merit.

Accordingly the Supreme Court properly granted that branch of the Madjek defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against Madjek, Inc., as time-barred, and denied the plaintiffs' cross motion for leave to amend the complaint to add Madjek, Inc., as a defendant pursuant to the relation-back doctrine. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.