Matter of 130-10 Food Corp. v New York State Div. of Human Rights (2018 NY Slip Op 08123)





Matter of 130-10 Food Corp. v New York State Div. of Human Rights


2018 NY Slip Op 08123


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-08896
 (Index No. 709449/15)

[*1]In the Matter of 130-10 Food Corp., petitioner/ cross respondent, 
v
New York State Division of Human Rights, respondent/cross petitioner, et al., respondents.


Frank M. Graziadei, P.C., New York, NY, for petitioner/cross respondent.
 Caroline J. Downey, Bronx, NY (Toni Ann Hollifield of counsel), for respondent/cross petitioner.



DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to review so much of a determination of the Commissioner of the New York State Division of Human Rights dated July 13, 2015, as imposed liability on the petitioner/cross respondent, and cross petition by the New York State Division of Human Right to enforce that portion of the determination. The determination, inter alia, adopted the recommendation of an administrative law judge, made after a hearing, finding that the petitioner/cross respondent unlawfully discriminated against the complainant because of a disability and imposing penalties against the petitioner/cross respondent.
ADJUDGED that the petition is granted and the cross petition is denied, with costs, so much of the determination as found that the petitioner/cross respondent unlawfully discriminated against the complainant and imposed penalties against the petitioner/cross respondent is annulled, the second amended administrative complaint is dismissed insofar as asserted against the petitioner/cross respondent, and the cross proceeding is dismissed on the merits.
The complainant was employed as a cashier at a grocery store from approximately November 2007 until January 2010. On or about May 19, 2010, the complainant filed an
administrative complaint with the New York State Division of Human Rights (hereinafter the SDHR) charging Trade Fair Supermarkets (hereinafter Trade Fair) with unlawful discrimination on the basis of her disability. On or about February 21, 2012, the SDHR amended the complaint by adding Basic Pay, LLC (hereinafter Basic Pay), as a respondent. Following an investigation, on or about May 16, 2012, the SDHR found that it had "jurisdiction in this matter and that PROBABLE CAUSE exists to believe" that Trade Fair and Basic Pay "have engaged in or are engaging in the unlawful discriminatory practice complained of." On or about July 16, 2013, the complaint was amended to add Basic Pay II, LLC (hereinafter Basic Pay II), and 130-10 Food Corp. (hereinafter Food Corp.) as respondents in the administrative proceeding. Food Corp. owned and operated the grocery store where the complainant had been employed. Food Corp. alleged, in effect, that Trade Fair was a marketing association, and that Food Corp. advertised for the grocery store using the name Trade Fair, but that Trade Fair was a separate entity from Food Corp.
At the commencement of the public hearing, Food Corp. argued that the statute of [*2]limitations had already run against it when it was added as a respondent in the administrative proceeding. At the hearing, the complainant alleged, in effect, that her employment was terminated on January 30, 2010, because she asked to use the bathroom as a result of her diabetic condition. After the hearing concluded, the administrative law judge (hereinafter ALJ) recommended, inter alia, that the second amended complaint be dismissed as untimely insofar as asserted against Basic Pay and Basic Pay II, and that the second amended complaint be dismissed insofar as asserted against Trade Fair on the ground that Trade Fair was not the complainant's employer. The ALJ recommended a finding that the second amended complaint was timely insofar as asserted against Food Corp. under the relation-back doctrine. The ALJ further recommended a finding that (1) Food Corp. was the complainant's employer, (2) Food Corp. unlawfully discriminated against the complainant on the basis of a disability, (3) the complainant was entitled to back pay in the principal sum of $4,215.90 and compensatory damages in the principal sum of $4,000 for mental anguish, (4) Food Corp. was obligated to pay $5,000 in civil fines and penalties to the State of New York, and (5) Food Corp. was obligated to conduct a certain training session. In a determination dated July 13, 2015, the Commissioner of the SDHR (hereinafter the Commissioner) adopted the findings and recommendations of the ALJ.
Food Corp. commenced this proceeding pursuant to Executive Law § 298 to review so much of the Commissioner's determination as found that Food Corp. unlawfully discriminated against the complainant and imposed penalties against it, and the SDHR cross-petitioned to enforce that portion of the determination.
Pursuant to Executive Law § 297(5), a complainant seeking redress under the Human Rights Law (Executive Law art 15) through an administrative proceeding must file a complaint "within one year after the alleged unlawful discriminatory practice." This provision is in the nature of a statute of limitations, and is mandatory (see Matter of Ferrara v New York State Div. of Human Rights, 154 AD3d 715, 716; Matter of Murphy v Kirkland, 88 AD3d 267, 273). Food Corp. was added as a respondent in the administrative proceeding more than one year after the complainant's employment was purportedly terminated on or about January 30, 2010. Additionally, the complainant failed to establish that the second amendment to the complaint, which added Food Corp. as a respondent, related back to the timely complaint filed against Trade Fair. The party seeking the benefit of the relation-back doctrine must establish that " (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship, can be charged with notice of the institution of the action and will not be prejudiced in maintaining his or her defense on the merits by virtue of the delayed, and otherwise stale, assertion of those claims against him or her, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been timely commenced against him or her as well'" (Matter of Murphy v Kirkland, 88 AD3d at 275-276, quoting Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982; see Buran v Coupal, 87 NY2d 173, 178).
Food Corp. does not dispute that the first prong of the relation-back test was satisfied, because the claims against Food Corp. arose out of the same transactions or occurrences as those asserted against Trade Fair. The complainant also established the third prong of the test by presenting evidence suggesting that Food Corp. had notice of the proceeding before the statute of limitations expired, and that Food Corp. should have known that, but for the complainant's mistake in omitting it as a respondent in her complaint, the proceeding would have been timely commenced against it as well.
However, the complainant failed to satisfy the second prong of the relation-back test, because Food Corp. and Trade Fair were not united in interest. Respondents are "united in interest only when their interest in the subject-matter [of the proceeding] is such that [the respondents] stand or fall together and that judgment against one will similarly affect the other'" (Montalvo v Madjek, Inc., 131 AD3d 678, 679-680, quoting Prudential Ins. Co. v Stone, 270 NY 154, 159; see Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679). "[T]he question of unity of interest is to be determined from an examination of (1) the jural relationship of the parties whose interests are said to be united and (2) the nature of the claim asserted against them by the [complainant]" (Connell v Hayden, 83 AD2d 30, 42-43). Respondents are not united in interest if there is a possibility that [*3]the new party could have a defense different from that of the original party (see Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 800; Montalvo v Madjek, Inc., 131 AD3d at 680). Here, the Commissioner dismissed the second amended complaint insofar as asserted against Trade Fair on the grounds that the complainant never interacted with or took direction from Trade Fair's employees, and that Trade Fair was not the complainant's employer. In contrast, the Commissioner determined that Food Corp. was the complainant's employer because Food Corp.'s personnel hired and fired the complainant and controlled the complainant's daily workplace activities. Thus, the record makes clear that Food Corp.'s and Trade Fair's interests in the administrative proceeding did not stand or fall together (see Tricoche v Warner Amex Satellite Entertainment Co., 48 AD3d 671, 672; Xavier v RY Mgt. Co., Inc., 45 AD3d at 679; Hilliard v Roc-Newark Assoc., 287 AD2d 691, 693; Desiderio v Rubin, 234 AD2d 581, 583).
Accordingly, we grant the petition to annul, on the basis that the proceeding was untimely commenced against Food Corp., so much of the Commissioner's determination as adopted the recommendation and finding of the ALJ that Food Corp. unlawfully discriminated against the complainant, awarded the complainant damages for back pay and compensatory damages for mental anguish, and directed Food Corp. to pay a civil fine and penalty and conduct a certain training session. For the same reasons, we deny the cross petition and dismiss the cross proceeding on the merits.
In light of our determination, the parties' remaining contentions need not be addressed.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court