Chandler v New York City Tr. Auth. (2022 NY Slip Op 05830)

Chandler v New York City Tr. Auth.

2022 NY Slip Op 05830

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-04034
 (Index No. 700490/18)

[*1]Sophie Chandler, appellant, 
v
New York City Transit Authority, defendant; Metropolitan Transit Authority Bus Company, nonparty-respondent.

Jonathan Mandell, Lynbrook, NY (Stephanie Schachter and Chad J. LaVeglia of counsel), for appellant.
Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia and Christopher M. Grimaldi of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered May 4, 2020. The order, insofar as appealed from, denied the plaintiff's motion for leave to serve a supplemental summons and amended complaint to add nonparty Metropolitan Transit Authority Bus Company as a defendant, and to amend the caption of the action to include Metropolitan Transit Authority Bus Company.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2017, the plaintiff allegedly was injured while attempting to board a Q49 bus in Jackson Heights, Queens County, when the driver closed the door on the plaintiff's hand and started to drive away, causing the plaintiff to run 10-15 feet until the bus came to a stop. The plaintiff timely served a notice of claim upon nonparty Metropolitan Transit Authority Bus Company (hereinafter MTA Bus) and the defendant New York City Transit Authority (hereinafter NYCTA). However, the plaintiff commenced this action only against NYCTA, which was an improper party.
In January 2019, after the expiration of the statute of limitations, the plaintiff moved for leave to serve a supplemental summons and amended complaint to add MTA Bus as a defendant, and to amend the caption of the action to include MTA Bus. In the order appealed from, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals, and we affirm insofar as appealed from.
The relation-back doctrine, as codified in CPLR 203(b), allows a claim asserted against a defendant in an amended complaint to relate back to claims previously asserted against a codefendant for statute of limitations purposes where, inter alia, the two defendants are "united in interest" (Buran v Coupal, 87 NY2d 173, 177 [internal quotation marks omitted]; see Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 42 AD3d 443, 444). For a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new [*2]defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that the new defendant will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the new defendant as well (see Buran v Coupal, 87 NY2d at 177-178; Bumpus v New York City Tr. Auth., 66 AD3d 26, 35; Shapiro v Good Samaritan Regional Hosp. Med. Ctr., 42 AD3d at 444).
Although it is undisputed that here, both claims arose out of the same conduct, transaction, or occurrence (see Buran v Coupal, 87 NY2d at 178), the plaintiff failed to establish that MTA Bus and NYCTA are united in interest. "Defendants are united in interest only when their interest 'in the subject-matter [of the action] is such that [the defendants] stand or fall together and that judgment against one will similarly affect the other'" (Montalvo v Madjek, Inc., 131 AD3d 678, 679-680, quoting Prudential Ins. Co. v Stone, 270 NY 154, 159). "In a negligence action, 'the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other'" (Xavier v RY Mgmt. Co. Inc., 45 AD3d 677, 679, quoting Connell v Hayden, 83 AD2d 30, 45; see Desiderio v Rubin, 234 AD2d 581, 583). Here, NYCTA and MTA Bus are separate and distinct entities, and the plaintiff failed to establish that they are united in interest in this case (see Lopez v Metropolitan Transp. Auth., 267 AD2d 359; Zaiman v Metropolitan Tr. Auth., 186 AD2d 555, 557; see also Watkins-Bey v MTA Bus Co., 174 AD3d 553, 555; Mayayev v Metropolitan Transp. Auth. Bus, 74 AD3d 910, 911; Adams v New York City Tr. Auth., 140 AD2d 572, 573). Therefore, the relation-back doctrine does not apply.
The plaintiff's contention that MTA Bus should be estopped from raising the statute of limitations as a defense is not properly before this Court, having been raised for the first time before the Supreme Court in the plaintiff's reply papers, to which MTA Bus did not have the opportunity to respond (see Nationstar Mtge., LLC v Osikoya, 205 AD3d 1038, 1040; Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 827).
The plaintiff's remaining contention is improperly raised for the first time on appeal, and, thus, is not properly before this Court (see First Franklin Fin. Corp. v Forrest, 85 AD3d 963, 963-964).
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to serve a supplemental summons and amended complaint to add MTA Bus as a defendant, and to amend the caption of this action to include MTA Bus.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court