Rowe v 4601 Second Ave, LLC (2024 NY Slip Op 03772)

Rowe v 4601 Second Ave, LLC

2024 NY Slip Op 03772

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-00853
 (Index No. 517975/16)

[*1]Glenson Rowe, respondent, 
v
4601 Second Ave, LLC, defendant, Volmar Construction, Inc., appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Matthew Ross, Ilysa Cholewa, I. Elie Herman, and Judy Selmeci of counsel), for appellant.
Spar & Bernstein P.C. (Wiese & Aydiner PLLC, Mineola, NY [Si Aydiner], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Volmar Construction, Inc., appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated June 27, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to amend the complaint to add Volmar Construction, Inc., as a defendant.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for leave to amend the complaint to add Volmar Construction, Inc., as a defendant is denied.
On November 23, 2014, the plaintiff allegedly was injured when he fell from scaffolding while working in a building owned by the defendant 4601 Second Ave, LLC (hereinafter 4601 Second Ave). The plaintiff commenced this action in October 2016 against 4601 Second Ave, alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6). In April 2019, the plaintiff moved, among other things, pursuant to CPLR 3025(b) for leave to amend the complaint to add Volmar Construction, Inc. (hereinafter Volmar), a general contractor that leased a portion of the premises, as a defendant. By order dated June 27, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. Volmar appeals.
There is no dispute that the plaintiff's motion was made outside of the three-year statutory limitations period (see id. § 214[5]). "The relation-back doctrine allows causes of action asserted against a new defendant in an amended complaint to relate back to causes of action previously asserted against a codefendant in the same action for statute of limitations purposes" (Wilson v Rye Family Reality, LLC, 218 AD3d 836, 838; see Buran v Coupal, 87 NY2d 173, 177). "In order to establish the applicability of the relation-back doctrine, a plaintiff must demonstrate that (1) the causes of action arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his or her defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would [*2]have been commenced against him or her as well" (Mignone v Nyack Hosp., 212 AD3d 802, 803; see Buran v Coupal, 87 NY2d at 178).
"To establish a unity of interest between two defendants, [m]ore is required than a common interest in the outcome" (Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679 [internal quotation marks omitted]; see LeBlanc v Skinner, 103 AD3d 202, 210). "The fact that two defendants may share resources such as office space and employees is not dispositive. They must also share exactly the same jural relationship in the subject action" (Xavier v RY Mgt. Co., Inc., 45 AD3d at 679 [citations omitted]). "Defendants are not united in interest if there is a possibility that the new party could have a different defense than the original party" (Montalvo v Madjek, Inc., 131 AD3d 678, 680).
Here, the plaintiff failed to meet his burden of demonstrating that 4601 Second Ave, as the owner, and Volmar Construction, as either the lessee or general contractor, have exactly the same jural relationship in this action, as, among other things, they have different defenses available to them under Labor Law §§ 200, 240(1), and 241(6) (see Montalvo v Madjek, Inc., 131 AD3d at 680; Xavier v RY Mgt. Co., Inc., 45 AD3d at 679). Thus, they are not united in interest, and the plaintiff's claims against Volmar do not relate back to the time of commencement of the action against 4601 Second Ave (see Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d 1245, 1249; Matter of 130-10 Food Corp. v New York State Div. of Human Rights, 166 AD3d 962, 965). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to amend the complaint to add Volmar as a defendant.
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court