| |
|---|
| **C.B. v City of New York** |
| 2025 NY Slip Op 32401(U) |
| July 7, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 514239/2021 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# KINGS COUNTY

| | |
|---|---|
| PRESENT: **HON. SABRINA KRAUS** | PART CVA – 1 / 57M |
| *Justice* | |

---------------------------------------------------------------X

C.B.; Z.B.; M.B.,

                    Plaintiff,

        - v -

CITY OF NEW YORK; RISING GROUND, INC. f/k/a LEAKE
AND WATTS SERVICES, INC. f/k/a LEAKE AND WATTS
CHILDRENS' HOME; and DOES 1-10

                    Defendants.

---------------------------------------------------------------X

| |
|---|
| INDEX NO. 514239/2021 |
| MOTION DATE 6/18/25 |
| MOTION SEQ. NO. 003 |
| **DECISION + ORDER ON MOTION** |

The following e-filed documents, listed by NYSCEF document number (Motion 003) 63 - 68
were read on this motion to/for        **VACATE – DECISION/ORDER/JUDGMENT**.

## BACKGROUND

In this action pursuant to New York Child Victims Act ("CVA"), plaintiffs allege that
from approximately 1987 to 1989, they were minors placed in the Watson foster home in
Farmingdale where they were repeatedly sexually abused by their foster father, Mr. Winston
Watson.

SCO FAMILY OF SERVICES f/k/a ST. CHRISTOPHER OTTILIE moves for an Order
pursuant to CPLR §§ 5015(a)(1) & (4) vacating its default in opposing a prior motion amending
the caption, adding them as a named party, and extending the time for service, and upon such
vacatur, denying plaintiffs' motion pursuant to CPLR §§ 203(c) and 3025(b).

For the reasons set forth below, the motion is granted.

## DISCUSSION

Sometime after the commencement of this action, Plaintiffs allegedly became aware through their Medicaid records that SCO "may have had involvement with Plaintiffs in 1989," and therefore had a good faith basis to believe that defendant SCO had potentially relevant and discoverable information in this action. As such, following issuance of a subpoena on SCO and a subsequent in-camera inspection and hearing, wherein, at that time, non-party SCO was represented Conway, Farrell, Curtin & Kelly, P.C., the plaintiffs' redacted foster care files from SCO were exchanged and resulted in the plaintiffs' motion, pursuant to CPLR §§ 3025 and 203(c), seeking to add SCO as a defendant as a party united in interest with the City.

The motion was filed via NYSCEF on attorneys for the defendant City of New York and defendant Rising Ground. The motion was also filed via NYSCEF on Conway, Farrell, Curtin & Kelly, P.C. as "Attorneys for Non-Party SCO Family of Services f/k/a St. Christopher Ottilie." However, Conway, Farrell, Curtin & Kelly, P.C. never filed a Notice of Appearance for SCO, and as such, were not registered to receive NYSCEF notifications in connection with this action.

The motion was granted on default pursuant to an order was issued on February 24, 2025. On March 21, 2025, movant herein filed a Notice of Appearance. On April 3, 2025, a Stipulation was filed wherein defendant SCO agreed "to answer, appear, move, or otherwise respond to plaintiff's Amended Summons and Complaint" by May 9, 2025.

CPLR § 5015(a)(1) and (4) provide:

(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:

1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry;

4. lack of jurisdiction to render the judgment or order

CPLR 5015(a)(1) allows a court to vacate a lawfully obtained default judgment where the moving party provides a reasonable excuse for the default and demonstrates that the claim or defense has merit. *John v. Arin Bainbridge Realty Corp.*, 147 A.D.3d 454 (1st Dep't 2017); *Cheri Restaurant, Inc. v. Eoche*, 144 A.D.3d 578 (1st Dep't 2016); *Northeast Steel Products, Inc. v. John Little Designs, Inc.*, 80 A.D.3d 585 (2d Dep't 2011).

In this case, Plaintiffs acknowledge that service of the underlying motion was not proper and that movant has an excusable default.

CPLR § 5015(a)(4), does not require the showing a meritorious defense.

Under either prong the parties main dispute is whether the relation back doctrine can be applied to allow adding SCO as a named party at this time.

> In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of [the] same conduct, transaction, or occurrence, (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he will not be prejudiced in maintaining his defense on the merits, and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well.

*Arsell v. Mass One LLC*, 73 A.D.3d 668, 669 (2d Dep't 2010).

Clearly the claims against the parties arise out of the same conduct. However, Plaintiff, in the underlying moving papers, failed to establish that SCO is united in interest with the City of New York and by reason of that relationship can be charged with such notice of the institution of the action. Plaintiff also failed to show that SCO knew or should have known that, but for a mistake by plaintiff in originally failing to identify all the proper parties, the action would have been brought against SCO as well.

[* 3]

> Parties are united in interest when their interests in the subject matter is such that they will stand or fall together with respect to the plaintiff's claim. In a negligence action, 'the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other.' To establish a unity of interest between two defendants, '[m]ore is required than a common interest in the outcome'. The fact that two defendants may share resources such as office space and employees is not dispositive. They must also share exactly the same jural relationship in the subject action

*Xavier v. RY Mgmt. Co.*, 45 A.D.3d 677, 679 (2d Dep't 2007)(*citations omitted*).

The relation-back doctrine is inapplicable because SCO and City of New York are separate, independent entities. A showing that there is or was an existing relationship between the original and new defendant does not rise to the level of united in interest. There is no unity of interest among the parties "if there is a possibility that the new defendants may have a defense unavailable to the original defendants." *Higgins v. City of New York*, 144 A.D.3d 511, 513 (1st Dep't 2016). To demonstrate unity of interest, Plaintiffs had to establish that defendant City of New York and SCO could be held vicariously liable for each other's acts. *L & L Plumbing & Heating v. DePalo*, 253 A.D.2d 517 (2d Dep't 1998). Plaintiffs failed to establish that SCO is vicariously liable for the defendant City of New York, or that the respective interests the City of New York and SCO, in the subject-matter, are such that they stand or fall together and that judgment against one will similarly affect the other. *Mondello v New York Blood Ctr.—Greater NY Blood Program*, 80 N.Y.2d 219, 226 (1992); *see also, Moller v. Taliuaga*, 255 A.D.2d 563 (2d Dep't 1998). Other than merely alleging an agency relationship, plaintiffs came forward with no evidence of any unity of interest. A working relationship between the two entities does not satisfy the united in interest requirement of the relation back doctrine. *Germain v. Town of Chester Planning Bd.*, 178 A.D.3d 926 (2d Dep't 2019).

INDEX NO. 514239/2021
RECEIVED NYSCEF: 07/08/2025

Plaintiffs also failed to establish that they exercised due diligence to discover the identity of the Doe Defendant prior to the expiration of the statute of limitations. *Holmes v. City of New York*, 132 A.D.3d 952 (2d Dept 2015).

The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period. *Alvarado v. Beth Israel Med. Ctr.*, 60 A.D.3d 981 (2d Dep't 2009). Plaintiffs failed to establish that the SCO knew or should have known that, but for a mistake as to the identity of the proper parties, this action would have been brought against them as well. *Stevens v. Winthrop S. Nassau Univ. Health Sys., Inc.*, 89 A.D.3d 835 (2d Dep't 2011); *Shapiro v. Good Samaritan Reg'l Hosp. Med. Ctr.*, 42 A.D.3d 443 (2d Dep't 2007). The record is devoid of any evidence that SCO was even aware that an action had been commenced against the City of New York until the subpoena was served on them on or about December 11, 2023, undisputedly beyond the statute of limitations.

In a recent case directly on point the Appellate Division, First Department reached the same conclusion holding:

> Plaintiff cannot show that the City of New York, an original defendant, and CCSI were united in interest (*see Sew Wai Yong v City of New York*, 41 AD3d 212, 213 [1st Dept 2007]). Plaintiff's contention that the City and CCSI were engaged in an agency relationship for purposes of plaintiff's foster care placement is not supported by evidence (*see Brunero v City of N.Y. Dept. of Parks & Recreation*, 121 AD3d 624, 626 [1st Dept 2014]; *Falletta v Norman*, 220 AD3d 1207, 1209-1210 [4th Dept 2023]). Furthermore, mere speculation is insufficient to establish unity of interest (*see Regina v Broadway-Bronx Motel Co.*, 23 AD3d 255, 255 [1st Dept 2005]).

> Even if the City and CCSI were both involved in plaintiff's placement, unity of interest would not necessarily follow because both entities have divergent interests in the litigation and may assert different defenses (*see Connell v Hayden*, 83 AD2d 30, 45 [2d Dept 1981]). Plaintiff also failed to show that CCSI would not be prejudiced by her delay in adding it to this lawsuit, as it is entitled to adequate notice of claims against it to prepare a defense and conduct its own investigation of this more than 50-year-old claim (*see Brock v Bua*, 83 AD2d 61, 64 [2d Dept 1981]).

Further, with diligence, plaintiff could have or should have known the identity of the intended defendant before she sought to add CCSI to the action, and her failure to name it earlier cannot be characterized as a mistake for relation-back purposes (*see Goldberg v Boatmax:///, Inc.*, 41 AD3d 255, 256 [1st Dept 2007]). Moreover, the description in the initial complaint of the "Doe" defendants was insufficient to place CCSI on notice that it was a target of plaintiff's claims (*see id.*).

Plaintiff also did not satisfy the requirements of CPLR 1024 because she did not demonstrate that, other than speaking with her attorneys, she diligently sought to identify the unknown entity involved in her foster care placement before the statute of limitations expired (*see Opiela v May Indus. Corp.*, 10 AD3d 340, 341 [1st Dept 2004]; *Holmes v City of New York*, 132 AD3d 952, 954 [2d Dept 2015])

*Y.C. v. Cath. Charities of Staten Island, Inc.*, 236 A.D.3d 457, 458 (2025).

## CONCLUSION

WHEREFORE it is hereby:

ORDERED that the order issued February 24, 2025 is vacated, and Plaintiffs' motion pursuant to CPLR §§ 203(c) and 3025(b) which sought an order amending the caption adding SCO as a party to the action and extending the time for service is denied; and it is further

ORDERED that the caption be amended to reflect that SCO is not a party to the action; and it is further

ORDERED that movant file notice of entry of this decision with the County Clerk so that the caption may be adjusted to reflect this change.

This constitutes the decision and order of the Court.

| 7/7/2025 | | | | SABRINA KRAUS, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

[* 6]