[660 NYS2d 438]

James Vanderburg, Respondent, v Harold Brodman et al., Defendants and Third-Party Plaintiffs. Simeon Carvajal, Third-Party Defendant-Appellant.

First Department, August 7, 1997

## APPEARANCES OF COUNSEL

*W. Charles Robinson* of counsel, New York City *(C. Robinson & Associates, P. C.,* attorneys), for respondent.

*John W. Barker* of counsel, New York City *(Karen Hutson* on the brief; *Ellenberg & Hutson, L. L. P.,* attorneys), for third-party defendant-appellant.

## OPINION OF THE COURT

SULLIVAN, J. P.

In January 1996, almost four years after plaintiff sued defendant Dr. Harold Brodman, a surgeon who had operated on plaintiff's decedent at defendant Montefiore Hospital on June 26, 1991, plaintiff asserted a direct cause of action against Dr. Simeon Carvajal, who had last treated the decedent on April 29, 1991, when he performed a colonoscopy on her at a different hospital. The claim against Carvajal is untimely unless plaintiff can demonstrate that it related back to the timely claim against one of the original defendants. (*See, Buran v Coupal,* 87 NY2d 173, 177.)

In *Mondello v New York Blood Ctr.—Greater N. Y. Blood Program* (80 NY2d 219, 226), the Court of Appeals adopted the three-pronged test enunciated in *Brock v Bua* (83 AD2d 61, 69) for determining when the relation-back doctrine would permit the addition of a new party to relate back to claims previously asserted against a codefendant. Thus, the relation-back requirement is satisfied where "(1) both claims ar[i]se out of the same conduct, transaction or occurrence * * *, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship he can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits * * * and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." The third prong of the test has been recently modified so that only mistake on the part of the litigant seeking the benefit of the doctrine, rather than excusable mistake, need be shown. (*Buran v Coupal, supra,* 87 NY2d, at 176.)

A unity of interest, under the second prong of the test, will be found where there is some relationship between the parties giving rise to the vicarious liability of one for the conduct of the other. (*Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, supra,* at 225.) The classic test is that " '[i]f the

interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other.' " (*Connell v Hayden*, 83 AD2d 30, 40, quoting *Prudential Ins. Co. v Stone*, 270 NY 154, 159.) "Underlying the doctrine of vicarious liability * * * is the notion of control. The person in a position to exercise some general authority or control over the wrongdoer must do so or bear the consequences." (*Kavanaugh v Nussbaum*, 71 NY2d 535, 546.)

Applying these considerations, it is clear that Carvajal (the testing defendant) was not united in interest with either Montefiore or Brodman (the treating defendants) and that their relationship, rather, is one of joint tortfeasors. Carvajal's negligence is predicated on his alleged error in incorrectly locating the situs of plaintiff's decedent's colon cancer; the liability of Brodman and Montefiore is essentially based on their alleged negligence in the diagnosis of the decedent's condition and the performance of surgical procedures. Carvajal had no affiliation with the treating defendants; he had a distinct role in the treatment of the decedent. Since "each will seek to show that he was not at fault and that it was the other who caused the injury" (*Connell v Hayden, supra,* 83 AD2d, at 45), by no means can it be said that will they either stand or fall together with respect to plaintiff's claim (*see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, supra,* 80 NY2d, at 226).

The IAS court held that under *Buran v Coupal (supra)* the second prong of the test is satisfied by a showing that Carvajal, in view of his posture as plaintiff's decedent's testing physician and diagnostician and plaintiff's request for medical records since March 1992, at least a year and a half before the Statute of Limitations had expired, "should have known that he really was a defendant" well within the limitations period. The IAS Court determined that therefore, "because the *Buran* court has essentially carved out the third prong of excusable neglect", Carvajal is united in interest with Brodman and Montefiore and Carvajal had notice of the pendency of the action. This was error. There is nothing in *Buran* that suggests that a unity of interest no longer need be established or that the unity of interest requirement is satisfied by a showing that the new party knew or should have known that he really was a de-

fendant.* Rather, as the cases make clear, it is the relationship of a unity of interest, i.e., the fact that one of the parties is vicariously liable for the conduct of the other (*Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, supra,* 80 NY2d, at 225; *see also, Raschel v Rish,* 69 NY2d 694), that permits the new party to be charged with such notice. (*Buran v Coupal,* 87 NY2d, *supra,* at 178.)

In light of our determination, it is not necessary to consider whether plaintiff has satisfied the "mistake" requirement of the relation-back doctrine.

Accordingly, the order of Supreme Court, Bronx County (Barry Salman, J.), entered December 2, 1996, which, *inter alia,* denied the motion of defendant Dr. Simeon Carvajal to dismiss plaintiff's second amended complaint which added a direct action against said defendant and granted plaintiff's cross motion to amend her complaint in accordance with the third amended complaint which added Carvajal as a defendant, should be reversed, on the law, without costs or disbursements, the motion granted, and the cross motion denied.

MILONAS, WILLIAMS and TOM, JJ., concur.

Order, Supreme Court, Bronx County, entered December 2, 1996, reversed, on the law, without costs or disbursements, defendant Carvajal's motion to dismiss plaintiff's second amended complaint which added a direct action against him granted, and plaintiff's cross motion to amend her complaint in accordance with the third amended complaint which added Carvajal as a defendant denied.

---

* Indeed, the Court of Appeals expressly noted in *Buran,* an action for trespass in which the new party was a co-owner of the property, that it is undisputed that the first and second prongs of the relation-back test are satisfied (87 NY2d, *supra,* at 178-179).