■ Nicholas Brunero, Appellant, v City of New York Department of Parks and Recreation, Respondent. [995 NYS2d 569]—

Order, Supreme Court, New York County (Geoffrey D. Wright,

J.), entered on or about August 12, 2013, which, upon granting plaintiff's motion to reargue, adhered to a prior determination denying plaintiff's motion for leave to add nonparty Central Park Conservancy as a party defendant and to serve a supplemental summons and amended complaint asserting claims for negligence and gross negligence against the Conservancy, unanimously modified, on the law, to the extent of granting plaintiff leave to add the Conservancy as a defendant and to serve a supplemental summons and amended complaint asserting a claim for negligence against the Conservancy, and otherwise affirmed, without costs.

Plaintiff commenced this action against defendant City of New York Department of Parks and Recreation, alleging that he was injured when he was struck by a park maintenance vehicle operated by a city employee, Nicholas Marotta, while riding his bicycle through Central Park, and that the vehicle was owned and provided by the City, which was vicariously liable for its employee's negligent acts. In its answer, defendant City denied the allegations that Marotta was a city employee and that the vehicle was owned and provided by the City. However, the City failed to comply with a series of discovery orders requiring it to respond to plaintiff's discovery requests concerning Marotta's employment and the vehicle. Shortly after the three-year statute of limitations for negligence elapsed, the City disclosed that Marotta in fact was employed by nonparty Conservancy, which also owned the vehicle.

Plaintiff then moved for leave to amend the complaint to add the Conservancy as a defendant, arguing that it was united in interest with the City. Since the statute of limitations had run as to the Conservancy, plaintiff argued that the relation back doctrine applied (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Garcia v New York-Presbyt. Hosp.*, 114 AD3d 615 [1st Dept 2014]).

In opposing plaintiff's motion, the City disputed only the second requirement of the relation back doctrine, that the Conservancy is united in interest with it. The "classic test" for determining unity of interest is "that if the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other," then they are united in interest (*Vanderburg v Brodman*, 231 AD2d 146, 147-148 [1st Dept 1997] [internal quotation marks omitted]). A unity of interest "will be found where there is some relationship between the parties giving rise to the vicarious liability of one for the conduct of the other" (*id.* at 147; *Cuello v Patel*, 257 AD2d 499, 500 [1st Dept 1999]).

In support of its motion, plaintiff relied on the 2006 Central Park Agreement, a contract between the City and the Conservancy, a nonprofit organization, in which they acknowledged that they had formed an effective "public/private partnership." Under the Agreement, the Conservancy is required to provide specified maintenance services in Central Park to the "reasonable satisfaction" of the City, and the City is broadly required to indemnify the Conservancy "from and against any and all liabilities . . . arising from all services performed and activities conducted by [the Conservancy] pursuant to this agreement in Central Park." The City's indemnification obligation, among other things, expressly excludes claims arising from gross negligence or intentional acts of the Conservancy or its agents or volunteers. As a result of the Agreement, the Conservancy acts, in effect, as an independent contractor fulfilling the City's nondelegable obligation to maintain the City parks in reasonably safe condition (compare Haxhaj v City of New York, 68 AD3d 612 [1st Dept 2009], lv denied 14 NY3d 714 [2010]).

The City is vicariously liable for the Conservancy's negligence in the course of providing maintenance in Central Park by virtue of the contractual indemnification provision, and the parties are thus united in interest (see Quiroz v Beitia, 68 AD3d 957, 959-960 [2d Dept 2009]; Austin v Interfaith Med. Ctr., 264 AD2d 702, 704 [2d Dept 1999]). Further, since the City has a nondelegable duty to maintain Central Park, it is vicariously liable for negligence committed by the contractor in the course of fulfilling that duty (see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 258 [2008]; see also Vanderburg, 231 AD2d at 147-148. However, the City is correct that its interests are not united with those of the Conservancy with respect to the proposed gross negligence claim, and leave to assert that claim against the Conservancy is therefore denied.

Plaintiff's additional arguments concerning equitable estoppel, raised for the first time in reply, are not properly before the Court. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.