(November 17, 2016)

■ BRYAN HIGGINS et al., Respondents, v CITY OF NEW YORK et al., Appellants. [43 NYS3d 1]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered June 13, 2014, which granted plaintiffs' motion for leave to amend the complaint to substitute Officer Christopher Crocitto for defendant "John Doe," and to add Officer Matthew Palmerini as a defendant, unanimously modified, on the law, to deny the motion insofar as it seeks to assert against Crocitto and Palmerini so much of the second, fifth and eighth causes of action of the amended complaint as are based on allegations of false arrest and excessive force in violation of 42 USC § 1983, and otherwise affirmed, without costs.

On September 4, 2010, Officers Manuel Barreto, Christopher Crocitto, and Matthew Palmerini of the New York City Police Department stopped a vehicle occupied by plaintiffs Bryan Higgins, Michael Vaughn, and Joseph Tarrant, based on a traffic violation. According to the subsequent criminal complaint signed by Officer Barreto, the officers observed an open container of alcohol inside the vehicle and asked plaintiffs to exit. Upon plaintiffs' exit, the officers observed a small vial of crack cocaine inside the vehicle, and, upon a further search, discovered a large bag of crack cocaine in the glove compartment. The three plaintiffs were arrested and charged with possession of cocaine. On September 28, 2012, the criminal complaints were dismissed.

On February 26, 2013, plaintiffs commenced an action against the City of New York, Officer Barreto, and Officer Barreto's unidentified partner, sued as "John/Jane Doe I," asserting, inter alia, causes of action for malicious prosecution under state and federal law and causes of action for false arrest and excessive force under state and federal law.[1] By stipulation dated October 21, 2013, the state-law claims for false arrest and excessive force, but not the corresponding federal claims, were dismissed with prejudice. On April 4, 2014, plaintiffs moved for leave to amend the complaint, as here relevant, to substitute Officer Crocitto for the Doe defendant and to add Officer Palmerini as a defendant on the claims for malicious prosecution under state law (the first, fourth and seventh causes of action) and on the claims for false arrest, excessive force and malicious prosecution in violation of 42 USC § 1983 (the second, fifth and eighth causes of action). Supreme Court granted the motion. Upon defendants' appeal, for the reasons discussed below, we modify to deny the motion with respect to the federal claims for false arrest and excessive force, and otherwise affirm.

Turning first to the false arrest and excessive force claims under 42 USC § 1983, we note that it is uncontroverted that the three-year statute of limitations governing these federal causes of action (see Veal v Geraci, 23 F3d 722, 724 [2d Cir 1994]) accrued on September 4, 2010, the date of plaintiffs' arrest, and expired on September 4, 2013. Thus, it is undisputed that the federal false arrest and excessive force claims were time-barred on April 4, 2014, the date of plaintiffs' motion to amend the complaint to assert those claims against Officers Crocitto and Palmerini. Defendants argue that plaintiffs should not have been permitted to interpose these time-barred claims against Officers Crocitto and Palmerini because, with respect to Officer Crocitto, plaintiffs failed to satisfy the requirements of CPLR 1024 for substituting Crocitto for the Doe defendant, and, with respect to both officers, the relation-back doctrine of CPLR 203 (b) and (c) does not apply. The argument concerning the relation-back doctrine has merit, making it unnecessary for us to consider the argument concerning CPLR 1024.

Under the relation-back doctrine of CPLR 203 (b) and (c), new parties may be joined as defendants in a previously commenced action, after the statute of limitations has expired on the claims against them, where the plaintiff establishes that each of the following three criteria are satisfied. First, the

---

1. In support of their claims, plaintiffs contended, inter alia, that the officers fabricated the evidence of cocaine in the vehicle.

plaintiff must show that the claims against the new defendants arise from the same conduct, transaction, or occurrence as the claims against the original defendants. Second, the plaintiff must show that the new defendants are "united in interest" (CPLR 203 [b], [c]) with the original defendants, and will not suffer prejudice due to lack of notice. Third, the plaintiff must show that the new defendants knew or should have known that, but for the plaintiff's mistake, they would have been included as defendants (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *see also Garcia v New York-Presbyt. Hosp.*, 114 AD3d 615 [1st Dept 2014]). Here, the second of these elements—unity of interest between the original defendant and the proposed additional defendants—is absent, and so the assertion of the federal false arrest and excessive force claims against Officers Crocitto and Palmerini does not relate back to the original commencement of the action.

The requirement of unity of interest is "more than a notice provision" (*Mongardi v BJ's Wholesale Club, Inc.*, 45 AD3d 1149, 1151 [3d Dept 2007] [internal quotation marks omitted]). The test is whether "the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Vanderburg v Brodman*, 231 AD2d 146, 147-148 [1st Dept 1997] [internal quotation marks omitted]). Thus, unity of interest will not be found unless there is some relationship between the parties giving rise to the vicarious liability of one for the conduct of the other (*see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]; *Brunero v City of N.Y. Dept. of Parks & Recreation*, 121 AD3d 624, 626 [1st Dept 2014]). Unity of interest fails if there is a possibility that the new defendants may have a defense unavailable to the original defendants (121 AD3d at 625; *Mercer v 203 E. 72nd St. Corp.*, 300 AD2d 105 [1st Dept 2002]; *Montalvo v Madjek, Inc.*, 131 AD3d 678, 680 [2d Dept 2015]; *Mongardi*, 45 AD3d at 1151).

Plaintiffs argue that Officers Crocitto and Palmerini are united in interest with the City of New York, one of the original defendants, because the officers are employees of the City. It is undisputed, however, that the City cannot be held vicariously liable for its employees' violations of 42 USC § 1983. Rather, the City can be held liable under 42 USC § 1983 only for violating that statute through an unconstitutional official policy or custom (*see Liu v New York City Police Dept.*, 216 AD3d 67 [1st Dept 1995], *lv denied* 87 NY2d 802 [1995], *cert denied* 517 US 1167 [1996]; *Jackson v Police Dept. of City of N.Y.*, 192 AD2d 641 [2d Dept 1993], *lv denied* 82 NY2d 658 [1993], *cert denied*

511 US 1004 [1994]). Thus, it simply cannot be said that the fortunes in this action of the City and of either Officer Crocitto or Officer Palmerini "stand or fall together and that judgment against one will similarly affect the other" (*Vanderburg*, 231 AD2d at 148 [internal quotation marks omitted]).[2] Because the City has no vicarious liability for Officers Crocitto's and Palmerini's alleged misconduct under 42 USC § 1983, the two officers are not united in interest with the City with respect to the federal false arrest and excessive force claims against them, and the interposition of those claims against the officers does not relate back to the commencement of the action against the City for purposes of the statute of limitations.

Plaintiffs argue that unity of interest exists, notwithstanding the City's undisputed lack of vicarious liability on the subject claims against the two officers. In their appellate brief, plaintiffs contend: "Whether two parties are united in interest does not depend upon the specific type of causes of action brought against the respective parties. Rather, it depends on the transactions or occurrences underlying those causes of action, and the jural relationship of the parties. Indeed, the test is conduct specific, not claim specific" (citation omitted).

Plaintiffs' theory that the test for unity of interest is "not claim specific" is inconsistent with this Court's precedent. In *Brunero* (121 AD3d 624 [1st Dept 2014], *supra*), the plaintiff had been injured in Central Park by a maintenance vehicle and commenced an action asserting causes of action for negligence and gross negligence against the City. Shortly after the statute of limitations expired, the City disclosed that the driver of the vehicle had been an employee of nonparty Central Park Conservancy (CPC), which had entered into an agreement with the City to provide maintenance services in Central Park. The agreement provided that the City would indemnify CPC for liability arising from CPC's negligence but not for liability arising from CPC's gross negligence. This Court held that the City and CPC were united in interest with respect to the negligence claim against CPC but not with respect to the gross negligence claim, and therefore allowed the plaintiff to add CPC as a defendant on the negligence claim but not on the

---

**2.** Specifically, if plaintiffs proved that Officer Crocitto and Palmerini violated 42 USC § 1983, but failed to show that the officers were acting pursuant to an official custom or policy of the City, the officers would be liable while the City would not. On the other hand, if plaintiffs proved that Officer Barreto violated their rights pursuant to an unconstitutional policy of the City, but failed to show that Officers Crocitto and Palmerini directly violated plaintiff's federal rights, the City would be liable while the officers would not.

gross negligence claim (*id.* at 626). Similarly, here, the City cannot be held vicariously liable on the claims against Officers Crocitto and Palmerini under 42 USC § 1983. Accordingly, there is no unity of interest between the City and the officers with respect to those claims, and the federal false arrest and excessive force claims, which accrued more than three years before plaintiffs moved to add the officers as defendants, are therefore time-barred as against the officers.

Plaintiffs' theory that the potential vicarious liability required to support a finding of unity of interest "need only be theoretically possible," and need not necessarily apply to the particular claim sought to be asserted against the proposed new defendant, finds no support in the case law on which plaintiffs rely. *Pendleton v City of New York* (44 AD3d 733 [2d Dept 2007]) addressed only whether proposed new claims against the same municipal defendants that had been named in the original complaint related back to the commencement of the action. The case did not involve an attempt to add any new defendants and, therefore, does not even refer to the concept of unity of interest, which has no relevance where the plaintiff does not propose to add a new defendant (*see Buran*, 87 NY2d at 178 ["allowing the relation back of amendments adding new defendants implicates more seriously . . . policy concerns (regarding fairness to defendants) than simply the relation back of new causes of action since, in the latter situation, the defendant is already before the court"]).

Also unavailing is plaintiffs' reliance on *Cuello v Patel* (257 AD2d 499 [1st Dept 1999]), a wrongful death action against a hospital in which, after the expiration of the statute of limitations, we permitted the plaintiff to add as a defendant a physician allegedly employed by the hospital, based on the fact that, "as to the claim asserted against [the physician], and assuming an employment relationship is established, the fate of the [hospital] and [the physician] would rise and fall together" (*id.* at 500). Stated otherwise, because the hospital was potentially vicariously liable for any negligence of the physician whom the plaintiff sought to add as a defendant, the requirement of unity of interest between the hospital and the physician was satisfied so as to permit adding the physician as a defendant after the expiration of the limitations period. By contrast, in this case, as previously discussed, as to the federal false arrest and excessive force claims sought to be asserted against Officers Crocitto and Palmerini, the fortunes of the City and the officers will not "rise and fall together," because the City is not vicariously liable for the officers' alleged violations of 42 USC § 1983.

Finally, Supreme Court properly permitted plaintiffs, under CPLR 3025 (b), to amend the complaint to add Officers Crocitto and Palmerini as defendants with respect to the timely malicious prosecution claims, under both federal and state law, the timeliness of which is not in dispute. Contrary to defendants' contention, these claims are not palpably insufficient or clearly devoid of merit (see *MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499 [1st Dept 2010]). Defendants argue that neither officer could be deemed to have participated in the "initiation" of the criminal proceedings against plaintiffs. However, for purposes of surviving a pleading motion, the complaint sufficiently alleges that the officers "play[ed] an active role in the prosecution" (*Bermudez v City of New York*, 790 F3d 368, 377 [2d Cir 2015] [internal quotation marks omitted]). Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.

