Seeler v AMA Consulting Engrs., P.C. (2021 NY Slip Op 00135)





Seeler v AMA Consulting Engrs., P.C.


2021 NY Slip Op 00135


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 157106/16 Appeal No. 12821 Case No. 2019-5075 

[*1]Marc Seeler, Plaintiff-Appellant,
v
AMA Consulting Engineers, P.C., et al., Defendants, AMA Development Infrastructure, LLC, Defendant-Respondent.


Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York (Carol Ann Weinman of counsel), for appellant.
Law Office of George P. Gambeski, Elmsford (Won J. Sohng of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered June 5, 2019, which granted defendant AMA Development Infrastructure, LLC's (AMADI) motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court correctly found that defendant AMADI and defendant AMA Consulting Engineers (AMACE) were not united in interest for purposes of the relation back doctrine (see Buran v Coupal, 87 NY2d 173, 177 [1995]). While the two may have shared office space, and possibly a principal, they maintained separate employee rolls and tax identification numbers. AMADI was the general contractor on a project at which plaintiff was allegedly injured; AMACE was an engineering firm with no connection to the project. Thus, the two entities would not stand or fall together for the purposes of this action (see Higgins v City of New York, 144 AD3d 511, 513 [1st Dept 2016]; Brunero v City of N.Y. Dept. of Parks & Recreation, 121 AD3d 624 [1st Dept 2014]).
Nor can plaintiff rely on CPLR 1024 to substitute AMADI for the "John Doe" corporations named in the original pleading in this action. Both XYZ Corporation and ABC Corporation are described as entities that "manufactured, designed, marketed, sold, distributed, provided and/or supplied" electrical components involved in the claim to AMADI. As this description failed to apprise AMADI that it was an intended defendant, the summons and complaint are jurisdictionally defective (Markov v Stack's LLC [Delaware], 161 AD3d 453 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021