**Young v New York City Tr. Auth.**

2025 NY Slip Op 31219(U)

April 10, 2025

Supreme Court, New York County

Docket Number: Index No. 150195/2021

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**  <u>HON. RICHARD TSAI</u> | **PART** 21 |
| *Justice* | |

--------------------------------------------------------------------------------X

VERONICA YOUNG,

Plaintiff,

- v -

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, and
SLADE INDUSTRIES, INC.,

Defendants.

--------------------------------------------------------------------------------X

NEW YORK CITY TRANSIT AUTHORITY, and
METROPOLITAN TRANSPORTATION AUTHORITY

Third-Party Plaintiff,

-against-

SLADE INDUSTRIES, INC.

Third-Party Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150195/2021 |
| **MOTION DATE** | 12/20/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595285/2024

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 77-96

were read on this motion to/for           <u>DISMISS</u>           .

Upon the foregoing documents, it is **ORDERED** that defendant Slade Industries, Inc.'s motion to dismiss the complaint as against it is **GRANTED**, and plaintiff's claims against defendant Slade Industries, Inc. are dismissed as time-barred.

On November 22, 2019, plaintiff allegedly sustained injuries due to a trip, and subsequent fall, on an escalator at the Q train subway station, located at 96th Street and Second Avenue (*see* Exhibit A in support of motion, complaint ¶¶ 27, 30 [NYSCEF Doc. No. 79]; *see also* Exhibit C in support of motion, bill of particulars ¶¶ 4, 5, 10 [NYSCEF Doc. No. 81]).

After defendants New York City Transit Authority and Metropolitan Transportation Authority (collectively, the Transit Defendants) impleaded Slade Industries, Inc. (Slade), plaintiff was granted leave to amend the complaint to name Slade as a direct defendant by decision and order entered August 8, 2024. Slade now moves to dismiss the complaint as against it as time-barred. Plaintiff opposes the motion.

[* 1]

"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired.  In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (*Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2d Dept 2008] [citations omitted]; *Matter of Estate of Baird*, 58 AD3d 958, 959 [3d Dept 2009]; *see Brignoli v Balch, Hardy & Scheinman*, 178 AD2d 290, 290 [1st Dept 1991] ["The defendant bears the burden of proof on an affirmative defense"].)

Here, there is no dispute that plaintiff's claims against Slade were interposed more than 3 years after the occurrence of the alleged incident.  However, plaintiff argues that the claims are timely under the relation back doctrine.

CPLR 203 provides the statutory basis for what is commonly referred to as "the relation back doctrine."  CPLR 203 (c) states, "In an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced."

Under the relation back doctrine, a plaintiff may be allowed to bring a suit against a new defendant after the statute of limitations has expired against the new defendant in an amended complaint, if the claims in the amended pleading are deemed to relate back to a timely complaint against a co-defendant that is "united in interest" with the new defendant (*Buran v Coupal*, 87 NY2d 173, 177 [1995]).  The relation back doctrine "gives courts the sound judicial discretion to identify cases that justify relaxation of limitations strictures to facilitate decisions on the merits if the correction will not cause undue prejudice to the plaintiff's adversary" (*Buran*, 87 NY2d at 177-78 [1995] [internal quotation marks, emendation and citations omitted]).

In order for an otherwise untimely complaint to survive dismissal pursuant to the relation back doctrine, a plaintiff must show:

"(1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits; and (3) the new party knew or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against them as well" (*Nemeth v K-Tooling*, 40 NY3d 405, 411 [2023] [internal quotation marks and emendation omitted], quoting *Buran v Coupal*, 87 NY2d 173, 178 [1995]; *see also Cintron v Lynn*, 306 AD2d 118, 119 [1st Dept 2003] ["Once a defendant has shown that the statute of limitations has run, the plaintiff bears the burden of demonstrating the applicability of the relation-back doctrine"]).

150195/2021   YOUNG, VERONICA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL         Page 2 of 4
Motion No.  004

2 of 4

Here, there is no dispute that plaintiff's claims against Slade arose out of plaintiff's escalator accident on November 22, 2019, so the first prong is clearly met. However, the parties disagree as to whether the second and third prongs are met.

Regarding the second prong, courts are to "look to whether the parties' interest in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Nemeth*, 40 NY3d at 415).

On this point, plaintiff points out that the third-party complaint alleges that, pursuant to a contract between Slade and the Transit Defendants, Slade agreed to indemnify and hold harmless the Transit Defendants against any and all claims arising out of the performance of Slade's work (*see* Exhibit D in support of motion, third-party complaint ¶ 8 [NYSCEF Doc. No. 82]).  Plaintiff argues that Slade is united in interest with the Transit Defendants by virtue of the contractual indemnification provision, citing *Brunero v City of N.Y. Dept. of Parks & Recreation* (121 AD3d 624 [1st Dept 2014]).

> "For purposes of relation back under CPLR 203(b), (c), more is required than mere non-hostility between the defendants. Their interests must be such that they stand or fall together and that judgment against one will similarly affect the other, i.e., [defendant] and the corporation must necessarily have the same defenses to the plaintiff's claim" (*Lord Day & Lord, Barrett, Smith v Broadwall Mgt. Corp.*, 301 AD2d 362, 363 [1st Dept 2003] [internal citations and quotations marks omitted]).

Based on the allegations in the third-party complaint and the amended complaint, Slade is considered an "independent contractor[] with adverse defenses" to the Transit Defendants and thus not united in interest with them  (*Sowa v S.J.N.H. Realty Corp.*, 21 AD3d 893, 895 [2d Dept 2005]; *see also Arsell v Mass One LLC*, 73 AD3d 668, 669 [2d Dept 2010] [reversing Supreme Court determination allowing relation back of personal injury claim against snow removal contractor because contractor was not united in interest with 'the defendant property owner . . . since they have manifestly different defenses to the plaintiff's claims and would not stand or fall together"]; *Higgins v City of New York*, 144 AD3d 511, 513 [1st Dept 2016] ["Unity of interest fails if there is a possibility that the new defendants may have a defense unavailable to the original defendants"]).  Here, Slade would attempt to prove it properly and adequately carried out the duties of said contract while the Transit Defendants would attempt to prove that plaintiff's alleged incident arose out of Slade's work.

Plaintiff's reliance upon *Brunero* is misplaced.  Therefore, the plaintiff commenced an action against the  City of New York Department of Parks and Recreation, alleging that the plaintiff was injured when he was struck by a park maintenance vehicle operated by a person named Nicholas Marotta.  After the three-year statute of limitations for negligence elapsed, the City disclosed that Marotta was an employee of the Central Park Conservancy, a non-party, which also owned the vehicle.

**150195/2021   YOUNG, VERONICA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  004**

**Page 3 of 4**

The Appellate Division, First Department found that, because the City agreed to indemnify the Central Park Conservancy, pursuant to an agreement to form a "public/private partnership" with the Central Park Conservancy, the City was "vicariously liable for the Conservancy's negligence," and thus the City and the Central Park Conservancy were united in interest (*Brunero*, 121 AD3d at 626).

However, in this case, unlike *Brunero*, the Transit Defendants have not contractually agreed to indemnify Slade. Thus, the Transit Defendants would not be vicariously liable for the conduct of Slade.

Because plaintiff failed to demonstrate that Slade was united in interest with the Transit Defendants, the court need not reach plaintiff's arguments as to the third prong.

Given that the relation back doctrine does not apply, plaintiff's claims against Slade are dismissed as time-barred.

20250410194859RTSAIDC466D7A8329403A9E45D1E0806A0646

| 4/10/2025 | | |
|---|---|---|
| **DATE** | | **RICHARD TSAI, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150195/2021  YOUNG, VERONICA vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  004**

Page 4 of 4

4 of 4

[* 4]