(April 19, 2011)

■ Lesly Lopez, Appellant, v Allied Amusement Shows, Inc., Respondent, et al., Defendants. [921 NYS2d 231]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered on or about October 6, 2009, which granted defendant Allied Amusement Show, Inc.'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant contracted with a local organization to provide amusement rides for a street fair. Defendant hired a subcontractor, who provided a slide and workers to operate the ride. Plaintiff was injured when she came to the end of the slide and put her feet down on the concrete to stop the momentum. She alleges that the workers placed a slippery substance on the slide just prior to her descent and failed to provide a buffer or cushion at the end of the ride to bring riders to a safe stop.

Liability for a dangerous condition is generally predicated on either ownership, control or a special use of the property (*see Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1988]). The evidence presented by defendant indicated that it did not own or control the slide. Nor may defendant be held liable for any alleged negligence on the part of the company that provided and operated the slide since there is no evidence that defendant had any control over that entity.

Control of the method and means by which the work is to be performed is a critical factor in determining whether a party is an independent contractor or an employee for the purposes of tort liability (*see Goodwin v Comcast Corp.*, 42 AD3d 322, 322-323 [2007]). The mere retention of general supervisory powers over an independent contractor cannot form a basis for the imposition of liability against the principal (*id.*). However, if the employer assumes control over the details of the work or some part of it, then the general rule will not apply, and the employer may be liable (*id.*).

Plaintiff asserts that defendant violated a nondelegable duty to "provide amusement rides" for the local group. A nondelegable duty may be imposed by regulation or statute, or when the responsibility is so important to the community that the employer should not be permitted to transfer it to another (*see Kleeman v Rheingold*, 81 NY2d 270, 274-275 [1993]). Plaintiff cites no regulation, statute or case which makes the "duty" to provide amusement rides nondelegable, and it does not appear that this contractual responsibility is so important to the community as to impose that requirement. Concur—Gonzalez, P.J., Saxe, Catterson, Acosta and Manzanet-Daniels, JJ.