■ JUAN COLON, Respondent, v CORPORATE BUILDING GROUPS, INC., et al., Appellants. [983 NYS2d 25]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered August 1, 2013, which, to the extent appealed from, granted the motion of defendant Corporate Building Groups, Inc. (CBG) for leave to reargue its cross motion for summary judgment dismissing the complaint as against it, and, upon reargument, adhered to its prior order denying CBG's cross motion, unanimously reversed, on the law, without costs, summary judgment granted, and the complaint dismissed as against defendant CBG. The Clerk is directed to enter judgment accordingly. Order, same court and Justice, entered January 14, 2013, insofar as it denied the motion of defendant Security Fence Systems, Inc. (SFS) for summary judgment, unanimously affirmed, without costs. Appeal from so much of the January 14, 2013 order as denied CBG's cross motion for summary judgment, unanimously dismissed, without costs, as academic.

Liability for a dangerous condition is generally predicated on ownership, control or a special use of the property (*see Lopez v Allied Amusement Shows, Inc.*, 83 AD3d 519, 519-520 [1st Dept 2011]; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1st Dept 1988], *lv dismissed and denied* 73 NY2d 783 [1988]). Defendant CBG had no connection with the premises, other than having previously been the general contractor during its construction. It did not supervise or control the work of defendant SFS, which had installed the fence some four or five months prior to plaintiff's accident (*see Kleeman v Rheingold*, 81 NY2d 270 [1993]; *Lopez*, 83 AD3d at 520).

A contractual obligation does not generally "give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, a contractor is potentially liable in tort to third persons, where "the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm' " (*id.* at 140, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]).

Here, SFS failed to proffer any evidence that the fence and gate had been properly installed, and its motion was properly denied. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Feinman, JJ.