■ GARY GANZI et al., Respondents-Appellants, v WALTER GANZI, JR., et al., Appellants-Respondents, et al., Nominal Defendants. [40 NYS3d 766]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 8, 2016, which denied so much of defendants' motion for summary judgment as sought dismissal of plaintiffs' first and fourth causes of action on statute of limitations and laches grounds, granted so much of the motion as sought dismissal of the fifth, eighth and tenth causes of action as derivative claims, and denied defendants' separate motion for leave to amend the answer to include the affirmative defense of lack of derivative standing, unanimously affirmed, without costs.

Defendants failed to establish that plaintiffs' derivative claims asserted in their first and fourth causes of action were time-barred. Plaintiffs raised triable issues relating to the harm they suffered from the allegedly improper licencing agreements that defendants had executed within the limitations period. Issues of fact concerning the reasonableness of plaintiffs' delay in bringing this action similarly preclude summary judgment on defendants' laches defense (*see Solomon R. Guggenheim Found. v Lubell*, 77 NY2d 311, 321 [1991]).

Plaintiffs' direct claims asserted in the fifth, eighth and tenth causes of action for breach of fiduciary duty, oppression of minor shareholders and unjust enrichment were properly dismissed as derivative since the harm is alleged to be directly to the subject corporation and indirectly to plaintiffs (*see Yudell v Gilbert*, 99 AD3d 108, 113-114 [1st Dept 2012]).

The court properly denied the motion for leave to amend the answer to add the affirmative defense of lack of standing for the derivative claims. Plaintiffs' shares devolved upon them by operation of law under Business Corporation Law § 626 (*see Pessin v Chris-Craft Indus.*, 181 AD2d 66, 71 [1st Dept 1992]). Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.