Ellis v Newmark & Co. Real Estate, Inc. (2022 NY Slip Op 05785)

Ellis v Newmark & Co. Real Estate, Inc.

2022 NY Slip Op 05785

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Index No. 161342/19 Appeal No. 16448 Case No. 2022-01904 

[*1]Lavern Ellis, Plaintiff-Respondent,
v
Newmark & Company Real Estate, Inc., Defendant-Appellant.

Cartafalsa, Turpin & Lenoff, New York (Louis A. Carotenuto of counsel), for appellant.
Slater, Sgarlato & Cappello, P.C., Staten Island (Shaun Gregory White of counsel), for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered April 12, 2022, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's motion for leave to file and serve a supplemental summons and complaint to name 515 Madison Avenue, LLC, Newmark Family Properties LLC (NFP), and GFP Real Estate LLC as defendants, unanimously affirmed, without costs.
The instant action involves a trip-and-fall on an alleged loose threshold on a property owned by proposed defendant 515 Madison. In 2011, defendant and 515 Madison entered into agreements whereby defendant, as 515 Madison's agent, assumed the property management and leasing responsibilities at the property. By the same 2011 agreements, 515 Madison was obligated to indemnify defendant for any injuries on the property, except those injuries caused by defendant's own negligent conduct. Prior to the expiration of the five-year term of the 2011 agreements, defendant subcontracted out its management and leasing responsibilities to proposed defendant NFP pursuant to 2015 agreements, which contained reciprocal indemnification provisions between 515 Madison and NFP. In 2016, NFP agreed with proposed defendant GFP for GFP to become successor-in-interest to NFP as the provider of property management and leasing services. A copy of that agreement has not been made available in discovery. Common to defendant, NFP, GFP, and 515 Madison is the association, if not ownership interest of, the Gural family.
The court correctly denied defendant's motion for summary judgment dismissing the complaint on the ground that it had relinquished its management responsibilities to NFP. Defendant did not establish prima facie entitlement to such relief, as it failed to offer probative evidence that it neither created nor caused the alleged defective threshold condition before it subcontracted its management duties to NFP in 2015 (see generally Maria v Concourse Estate, LLC, 200 AD3d 578 [1st Dept 2021]). The 2011 agreements expressly obligated defendant to perform necessary construction, maintenance, and repairs.
The court properly granted plaintiff's motion seeking leave to serve a supplemental complaint on the three proposed defendants after expiration of the applicable three-year statute of limitations, as plaintiff satisfied the three conditions of the relation-back doctrine (see CPLR 203[c]; Buran v Coupal, 87 NY2d 173, 178 [1995]). Defendant did not dispute that the first condition applies, since the record makes clear that the claims against the proposed defendants arise out of the same conduct, transaction, or occurrence, namely, plaintiff's trip-and-fall on the property. The second condition, which requires that there be unity of interest between defendant and the proposed defendants, in that the proposed defendants may be charged with having notice of the institution of the action such that they would not be prejudiced in maintaining a defense on the merits, was also [*2]satisfied. The classic test for determining unity of interest is whether the defenses between the parties are the same such that their interests stand or fall together (see Brunero v City of N.Y. Dept. of Parks & Recreation, 121 AD3d 624, 625 [1st Dept 2014]). Where the relationship between parties is such as to give rise to vicarious liability of one for the conduct of the other, a unity of interest will be found (see id.).
Here, 515 Madison owed a nondelegable duty to maintain its property in a safe condition (see Lopez v Allied Amusement Shows, Inc., 83 AD3d 519, 519 [1st Dept 2011]), and defendant, NFP, and GFP, as agents of 515 Madison, were also obligated to maintain the property in a safe condition. 515 Madison, by operation of law, remained vicariously liable for the negligence of its agents and contractors that caused injury to those who might be on the property (see Brunero, 121 AD3d at 626). Reciprocal indemnification clauses in the agreements as between defendant and the proposed defendants provide a basis for finding vicarious liability (see id.). Plaintiff's evidence as to the indemnification obligations, the common association of the Gural family with each of the entities, and the sharing of offices, supports the motion court's finding that the proposed defendants can be charged with having notice of the institution of this action.
With regard to the third relation-back condition, a plaintiff need only show a mistake was made in not adding additional defendants before the applicable statute of limitations expired, not that the mistake was also excusable (see Ramirez v Elias-Tejada, 168 AD3d 401, 403-404 [1st Dept 2019]). Here, plaintiff demonstrated that information related to the Gural family and their real estate holdings, as well as the various entities associated with such holdings, was confusing and misleading in regard to what entity owned the property. Furthermore, considering the Covid-19 restrictions in place after the suit was filed there is no evidence that plaintiff failed to take prompt action to add the appropriate defendants after being informed of their identity.
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022