| |
|---|
| **Nagi v Ninety-Fourth St., LLC** |
| 2024 NY Slip Op 33269(U) |
| September 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156589/2020 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. JUDY H. KIM                                     PART        04

*Justice*

-----------------------------------------------------------------------X

ADEL NAGI, WESTSIDE STOP ONE DELI CORP.,

Plaintiffs,

- v -

NINETY-FOURTH STREET, LLC, PARISH PROPERTY
MANAGEMENT, INC.,SW ENGINEERING COMPANY,
PLLC,

Defendants.

-----------------------------------------------------------------------X

PARISH PROPERTY MANAGEMENT, INC.,

Plaintiff,

-against-

K & G RESTORATION, INC.,

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156589/2020 |
| MOTION DATE | 08/14/2023 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595103/2022

The following e-filed documents, listed by NYSCEF document number (Motion 007) 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 177, 178

were read on this motion to _____ AMEND CAPTION/PLEADINGS _____ .

On August 20, 2020, plaintiffs commenced this action alleging property damage to their leased space (the "Premises") located at 700 Amsterdam Avenue, New York, New York 10025 ("Building") (NYSCEF Doc. No. 1 [Compl.]). Plaintiffs allege that defendants Ninety-Fourth Street, LLC ("Ninety-Fourth"), Parish Property Management, Inc. and SW Engineering Company, PLLC, caused damages to the Premises because of improper, careless and negligent work done to the façade of the Building (NYSCEF Doc. No. 1 [Compl. at ¶¶ 6-25]).

**156589/2020   NAGI, ADEL vs. NINETY-FOURTH STREET, LLC**
**Motion No.  007**

**Page 1 of 6**

Plaintiffs now move, pursuant to CPLR 3025(b) and 203(c), to amend their complaint to add Citi-Urban Management Corp. ("Citi-Urban") as a defendant. In support of their motion, plaintiffs' counsel avers that it was "Citi-Urban, not defendant Ninety-Fourth [sic] supervised, managed and controlled the construction project that caused the damages at issue" in this action (NYSCEF Doc. No. 167 [Glanzberg Affirm. at ¶17). Plaintiffs note that the American Institute of Architects ("AIA") "Standard Form of Agreement Between Owner and Contractor" (the "AIA Contract") for the project at issue, produced in discovery in December 2022 (after the statute of limitations had elapsed) identifies the owner of the Premises as "Ninety Fourth Street, LLC c/o Citi-Urban Properties" (NYSCEF Doc. No. 170 [AIA Contract]) and add that Ninety-Fourth Street, LLC's witness, Eric Borkowski, Senior Property Manager for City-Urban Management Corp., testified, among other things, that an employee of Citi-Urban regularly visited the subject premises during the course of the work (NYSCEF Doc. No. 168 [Borkowski Tr. at pp. 5, 19, 63]). The Court notes that Borkowski also testified that City-Urban is a property management company which has a management agreement with Ninety-Fourth (Id. at p. 17).

In opposition, defendants submit a stipulation entered into between Adel Nagi and Ninety-Fourth in connection with a nonpayment proceeding in Civil Court, New York County between Ninety-Fourth as Petitioner, and Adel Nagi as the Respondent. This stipulation, dated January 18, 2022 (the "Settlement Stipulation"), provides, in pertinent part, that:

> In consideration of the Respondent's agreement to discontinue with prejudice the action Adel Nagi and West Stop One Deli Corp. v. Ninety-Fourth Street, LLC, et al Index No. 156589/20 (hereinafter "supreme court action") against Defendant Ninety-Fourth Street, LLC, the Petitioner agrees to waive the sum of $28,717.09 leaving a balance of $120,000.00"
>
> …
>
> The parties herein agree to execute and submit for filing a Stipulation of Discontinuance With Prejudice in the supreme court action against Defendant

**156589/2020   NAGI, ADEL vs. NINETY-FOURTH STREET, LLC**                          **Page 2 of 6**
**Motion No.  007**

2 of 6

Ninety-Fourth Street, LLC by the close of business on Friday, January 21, 2022. Notwithstanding the discontinuance, Defendant Ninety-Fourth Street, LLC agrees to respond to the discovery demands served upon it to date, appear for a deposition in the ordinary course of the litigation, and reasonably provide any other documentation requested in the supreme court action.

(NYSCEF Doc. No. 181 [Stipulation of Settlement at ¶¶4, 10] [emphasis added]).

Ninety-Fourth Street LLC argues, in sum and substance, that as this action has been discontinued as against it, there is no defendant in this case to which Citi-Urban Management is related, rendering the relation back doctrine inapplicable.

## DISCUSSION

Plaintiffs' motion is granted. "Leave to amend pleadings under CPLR 3025(b) should be freely given and denied only if there is prejudice or surprise resulting directly from the delay or if the proposed amendment is palpably improper or insufficient as a matter of law" (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012] [internal citations and quotations omitted]). Here, the amendment sought is neither palpably improper nor insufficient as a matter of law (See Stabile v Century 21 Dept. Stores, LLC., 2019 NY Slip Op 30517[U], *1-2 [Sup Ct, NY County 2019]).

While the instant motion was filed on August 14, 2023, after the statute of limitations' expiration on November 20, 2020 (accounting for the toll created by Executive Order No. 202.8), this does not present a bar to amendment, as the negligence claims plaintiffs seek to assert against Cit-Urban remain viable under the relation-back doctrine. This doctrine allows new parties to be joined in a previously-commenced action after the expiration of the statute of limitations when: (1) the claims against the new defendants arise from the same conduct, transaction, or occurrence as the claims against the original defendants; (2) the new defendants are "united in interest" with the original defendants, and will not suffer prejudice due to lack of notice; and (3) the new defendants knew or should have known that, but for the plaintiffs' mistake, they would have been

**156589/2020   NAGI, ADEL vs. NINETY-FOURTH STREET, LLC**                    **Page 3 of 6**
**Motion No.  007**

3 of 6

included as defendants (Higgins v City of New York, 144 AD3d 511, 512-13 [1st Dept 2016] [internal citations omitted]).

Here, plaintiffs have established through the AIA Contract that their claims against Citi-Urban arise from the same conduct as their original claims against Ninety-Fourth and that Citi-Urban, as Ninety-Fourth's managing agent, is "united in interest" with Ninety-Fourth such that it knew or should have known that, but for the plaintiffs' mistake, it would have been included as defendants (See e.g., Ellis v Newmark & Co. Real Est., 209 AD3d 520, 521-522 [1st Dept 2022]).

Contrary to Ninety-Fourth's claim, the Settlement Stipulation does not preclude the amendment sought. First, only one of the two plaintiffs here, Adel Nagi, was a party to that Settlement Stipulation. Moreover, while the Settlement Stipulation contemplates the future discontinuance of this action, no stipulation of discontinuance has been filed in this action, as required by CPLR 3217(a)(2), and Ninety-Fourth has not moved to enforce the stipulation of settlement and compel execution of the stipulation of discontinuance pursuant to CPLR 2104. As a result, Ninety-Fourth remains, at present, a party to this action (See e.g., Circle Intern. Group, Inc. v Anikeyeva, 8 Misc 3d 1007(A) [Sup Ct, Kings County 2005] [a "settlement agreement entered into by parties to a lawsuit does not terminate the action unless there has been an express stipulation of discontinuance or actual entry of judgment in accordance with the terms of the settlement"]; 175 Mulberry Realty, LLC v Kam Cheung Const., Inc., 2010 NY Slip Op 31091[U] [NY County 2010]).

In light of the foregoing, it is

**ORDERED** that plaintiffs' motion for leave to amend the complaint to add defendant Citi-Urban Management Corp. is granted and the action shall bear the following caption:

**156589/2020  NAGI, ADEL vs. NINETY-FOURTH STREET, LLC**
**Motion No.  007**

**Page 4 of 6**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
ADEL NAGI, WESTSIDE STOP ONE DELI CORP.,

                                Plaintiff,                    Index No. 156589/2020

        -against-

CITI-URBAN MANAGEMENT CORP.,
NINETY-FOURTH STREET, LLC,
PARISH PROPERTY MANAGEMENT, INC., and
SW ENGINEERING COMPANY, PLLC,

                                Defendants.
------------------------------------------------------------------------X
PARISH PROPERTY MANAGEMENT, INC.,

                     Third-Party Plaintiff,        Third-Party Index No. 595103/2022

        -against-

K & G RESTORATION, INC.,
                     Third-Party Defendants.
------------------------------------------------------------------------X

and it is further

     **ORDERED** that plaintiffs' Supplemental Summons and Amended Verified Complaint in the proposed form annexed to plaintiffs' moving papers (NYSCEF Doc. No. 171) shall be deemed served upon all parties who have previously appeared in the action upon plaintiffs' service of a copy of this decision and order, with notice of entry, on those parties; and it is further

     **ORDERED** that plaintiffs shall serve the Supplemental Summons and Amended Verified Complaint in the proposed form annexed plaintiffs' moving papers (NYSCEF Doc. No. 171) along with a copy of this decision and order, with notice of entry, on Citi-Urban Management Corp. in accordance with the CPLR within twenty days of the date of this decision and order; and it is further

     **ORDERED** that the parties are to appear for a status conference in Part 4 (80 Centre Street, room 308) on October 25, 2024 at 10:00 a.m.; and it is further

**156589/2020   NAGI, ADEL vs. NINETY-FOURTH STREET, LLC**
**Motion No.  007**

**Page 5 of 6**

5 of 6

**ORDERED** that counsel for plaintiffs shall, within twenty days of the date of this decision and order, serve a copy of this decision and order, with notice of entry, upon the County Clerk (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the amended caption pursuant hereto; and it is further

**ORDERED** that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

| 9/18/2024 | | HON. JUDY H. KIM, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

156589/2020   NAGI, ADEL vs. NINETY-FOURTH STREET, LLC
Motion No.  007

Page 6 of 6

6 of 6