Irvine v City of New York (2024 NY Slip Op 05636)

Irvine v City of New York

2024 NY Slip Op 05636

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. Index No. 452279/22 Appeal No. 3043 Case No. Case No. 2023-03814 

[*1]Lisa R. Irvine, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent, Does 2-10, Defendants.

Herman Law Firm, P.A., New York (Stuart Mermelstein of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Amy McCamphill of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered June 7, 2023, which granted defendant City of New York's motion to dismiss the complaint as barred by the statute of limitations, unanimously affirmed, without costs.
Plaintiff timely commenced this action in June 2021 under the New York Child Victims Act (CPLR 214-g) against Orange County and "Does 1-10." She later sought to amend the complaint to substitute the City for unknown defendant "Doe 1" and to extend the time to serve the City.
There is no dispute that the plaintiff did not satisfy the requirements of the relation back doctrine of CPLR 203(b) and (c) to permit it to add the City as a defendant (see Higgins v City of New York, 144 AD3d 511, 512-513 [1st Dept 2016]). Additionally, we note that plaintiff did not satisfy the requirements of CPLR 1024, as she did not demonstrate that she diligently sought to identify the unknown provider of foster care services before the statute of limitations expired (see Holmes v City of New York, 132 AD3d 952, 954 [2d Dept 2015]). The record makes clear that plaintiff's investigator failed to take steps to ascertain the actual identities of the Doe parties, which were the entities that allegedly placed children in foster care in Orange County, before the statutory period ran (see Goldberg v Boatmax://, Inc., 41 AD3d 255, 256 [1st Dept 2007]; compare e.g. DeMarzo v Cuba Hill Elementary Sch., 220 AD3d 917, 919-920 [2d Dept 2023]). Nor did plaintiff promptly seek disclosure from Orange County or follow up on her initial letter request for disclosure (see Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 928 [2d Dept 2011]). Indeed, even after becoming aware before the statute of limitations expired that the City may have had potential liability, plaintiff delayed in seeking to promptly amend the complaint to add the City as a defendant (see Brook v Peconic Bay Med. Ctr., 172 AD3d 468, 469 [1st Dept 2019]).
Moreover, the allegations in the complaint were insufficient to advise the City that it was the intended subject of plaintiff's lawsuit — that is, that the City was included in a group of "persons or entities with responsibilities for [p]laintiff's safety, supervision, and/or placement in foster care," as the complaint characterized the "Doe" defendants (see Opiela v May Indus. Corp., 10 AD3d 340, 341 [1st Dept 2004]). On the contrary, the allegations all referred to events occurring in Orange County, and even mistakenly referred to Onondaga County, with no mention of any connection to the City, which only occasionally contracted with foster homes outside of New York City.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024