Hyun S. Yang v Griffin (2025 NY Slip Op 05331)

Hyun S. Yang v Griffin

2025 NY Slip Op 05331

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 152620/24|Appeal No. 4801|Case No. 2024-04733|

[*1]Hyun S. Yang, Plaintiff-Appellant,
v
Patrick Griffin, Defendant-Respondent.

Steven Louros, New York, for appellant.
Bleakley Platt & Schmidt, LLP, White Plains (David H. Chen of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered July 30, 2024, which granted defendant's motion to dismiss the complaint based on the statute of limitations and denied plaintiff's cross-motion to consolidate the action with an action entitled Hyun S. Yang v Au Jus and 99th St. LLC, index No. 158372/2021, unanimously reversed, on the law, without costs, the motion to dismiss the complaint denied, and the cross-motion to consolidate granted.
It is undisputed that the instant action was filed more than a month after the expiration of the three-year statute of limitations for negligence (CPLR 214[5]). However, plaintiff demonstrated that the relation-back doctrine was applicable here utilizing the factors set forth in Buran v Coupal (87 NY2d 173, 178 [1995]) (see Ramirez v Elias-Tejada, 168 AD3d 401, 402-403 [1st Dept 2019]).
The first prong of the three-prong test was met where this action and the prior action against defendants Au Jus and 99th Street LLC arose from the same alleged slip and fall by plaintiff on February 3, 2021. The second prong was also satisfied in that defendant Griffin and Au Jus were united in interest. Griffin testified that he owned and managed Au Jus on a day-to-day basis and personally cleaned the sidewalk of snow and ice or supervised its cleaning on the day of the accident. Thus, Au Jus and Griffin will "stand or fall together" in the actions and a "judgment against one will similarly affect the other"(Matter of Nemeth v K-Tooling, 40 NY3d 405, 415 [2023] [internal quotation marks omitted]).
Plaintiff also satisfied the third prong of the Buran test by demonstrating a mistake was made in not adding Griffin to the prior action before the applicable statute of limitations (see Ellis v Newmark & Co. Real Estate, Inc, 209 AD3d 520, 522 [1st Dept 2022]). Griffin had notice and was deposed in the prior action and will not be prejudiced by the assertion of a claim against him in the instant action (see Fellner v Morimoto, 52 AD3d 352, 353 [1st Dept 2008] [newly added defendant not prejudiced where he owned the entity that was sued]).
Griffin's assertions that plaintiff intentionally decided not to assert a claim against him in the prior action knowing that he was potentially liable and that he was omitted from that action in order for plaintiff to obtain a tactical advantage are unsupported by the record (see Matter of Nemeth, 40 NY3d at 408).
This action is properly consolidated with the prior action as the two matters arise from the same acts and occurrences (see Picchioni v Sabur, 232 AD3d 112, 122 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025