## Leiba v CB Livery Leasing LLC

### 2026 NY Slip Op 30928(U)

### March 11, 2026

### Supreme Court, New York County

### Docket Number: Index No. 151733/2023

### Judge: Christopher Chin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. CHRISTOPHER CHIN** | **PART**     **22** |
| | *Justice* | |

-----------------------------------------------------------------------X

YOSI LEIBA,

                     Plaintiff,

           - v -

CB LIVERY LEASING LLC and "JOHN DOE", the entire
name being fictitious, it being intended to designate the
operator of the vehicle mentioned herein after,

                     Defendants.

-----------------------------------------------------------------------X

| |
|---|
| **INDEX NO.**     151733/2023 |
| **MOTION DATE**     06/13/2025 |
| **MOTION SEQ. NO.**     002 |
| |
| **DECISION + ORDER ON MOTION** |

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 46, 47, 52, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 74

were read on this motion to/for        SUMMARY JUDGMENT - DISMISS      .

This personal injury action arises out of a motor vehicle accident that occurred on November 7, 2021, at the intersection of Lexington Avenue and 61st Street, in Manhattan, NY. Plaintiff Leiba Yosi (Yosi) alleges that he was a pedestrian struck by a vehicle bearing NY States License Plate Number T731120C (subject vehicle). Co-defendant, John Doe, leased the subject vehicle from movant-defendant CB Livery Leasing LLC (CB Livery). At the time of the accident, the subject vehicle was operated by John Doe.

Defendant CB Livery moves for summary judgment pursuant to CPLR § 3212 dismissing the complaint as against it on the ground that it cannot be held liable as a result of the Graves Amendment (49 USC § 30106). Plaintiff opposes the motion and cross-moves pursuant to CPLR § 3025(b) for leave to serve an amended complaint *nunc pro tunc* to add Tamer M. Eissa as a party defendant to the action in place of John Doe. CB Livery opposes the cross-motion.

## CB Livery's Summary Judgment Motion

CB Livery argues that it is a vehicle rental company, and therefore, not vicariously liable for the subject motor vehicle accident pursuant to the Graves Amendment (49 USC § 30106).

In support of the motion, CB Livery contends that John Doe entered into a rental agreement for the subject vehicle and annexes the rental agreement to its moving papers (NYSCEF 46, Rental Agreement). It also submits the affidavit of its principal, Ariel Tzur, which states that CB Livery did not receive any complaints regarding the operation of the subject motor vehicle prior to the date of the accident, the vehicle was inspected prior to being rented, and that the vehicle had no damage or problems with its maintenance or performance prior to being rented. The affidavit further states that CB Livery was the owner of the subject vehicle, the co-defendant ("John Doe", now identified by CB Livery as Tamer M. Eissa ["Eissa"]) entered into a rental agreement for the subject vehicle, Eissa was not an employee of CB Livery and CB Livery was not in possession or control of the subject vehicle at the time of accident.

For summary judgment to be granted, "the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Madeline D'Anthony Enters., Inc. v Sokolowsky*, 101 AD3d 606, 607 [1st Dept 2012] [internal quotation marks and citation omitted]). "Once this showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 316 [2024] [internal citation and quotation marks omitted]). Where the moving party fails to make such a showing, the motion must be denied without regard to the sufficiency of the opposing papers (*see Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014]). "Since [summary

judgment] deprives the litigant of [its] day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues" (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]).

The Graves Amendment provides that the owner of a leased or rented motor vehicle cannot be held vicariously liable for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if (1) the owner is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner (*see* 49 USC § 30106; *Villa-Capellan v Mendoza*, 135 AD3d 555 [1st Dept 2016]). Therefore, to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint as asserted against it, CB Livery must show (1) that it owned the subject vehicle, (2) that it engaged in the business of leasing or renting motor vehicles, (3) that the accident occurred during the period of the lease or rental, and (4) that there is no triable issue of fact as to the plaintiff's allegation of negligent maintenance contributing to the accident (*see Muslar v Hall*, 214 AD3d 77 [1st Dept 2023]).

Here, CB Livery failed to establish its prima facie burden. Protection under the Graves Amendment will fail if a lessor cannot demonstrate that it did not negligently maintain the subject vehicle or show that it was not responsible for the maintenance and repair of the subject vehicle during the lease (*see id.* at 82). Therefore, a rental agreement submitted on a motion must establish that the lessee was responsible for the maintenance and repairs for the subject vehicle during the period of the lease and during the time in which the accident occurred (*see Kalair v Fajerman*, 202 AD3d 625, 627 [1st Dept 2022]).

Here, the rental agreement submitted in support of the instant motion does not establish that John Doe was responsible for the maintenance and repairs of the vehicle during the period of

151733/2023  LEIBA, YOSI vs. CB LIVERY LEASING LLC ET AL
Motion No.  002

Page 3 of 7

[* 3]

the lease, and during the time in which the accident occurred (*id.*). Furthermore, the Tzur affidavit does not include any specific information about the maintenance record of the subject vehicle or indicate any dates as to when the vehicle had been serviced. Nor does CB Livery provide any maintenance records or files in support of its instant motion. As such, CB Livery has not satisfied its prima facie burden, and issues of fact remain regarding whether CB Livery was negligent in the maintenance and repair of the subject vehicle. Therefore, summary judgment is denied.

## Plainitff's Motion to Amend the Complaint

Plaintiff cross-moves to amend the complaint pursuant to CPLR § 3025(b) to add Tamer Eissa as a party defendant in place of John Doe. Specifically, plaintiff contends that CB Livery disclosed Eissa as the lessee and possibly the operator (driver) of the subject vehicle at the time the accident occurred. As such, plaintiff argues it is appropriate and necessary for Eissa to be added in the place of John Doe, as the claims alleged against Eissa relate back to the timely claims asserted in the original complaint. Plaintiff asserts that CB Livery's untimely disclosure of Eissa as the lessee of the subject vehicle was received over nine months after it was initially demanded, and only four months prior to the expiration of the three-year statute of limitations. However, now that the statutory limitations period has expired, plaintiff relies on the relation-back doctrine in support his motion, arguing Eissa would be united in interest with CB Livery.

In opposition, CB Livery contends the motion should be denied as the relation-back doctrine cannot be satisfied here. Specifically, CB Livery argues plaintiff has not addressed how CB Livery and Eissa are united in interest, and that Eissa was not on notice of the claims against

him, because plaintiff did not act diligently to pursue his claims against Eissa as the instant motion was filed long after the statute of limitations expired.

Leave to amend a pleading shall be freely given upon such terms as may be just (*see* CPLR § 3025(b); *Kingstone Insurance Company v Marion Pharmacy Inc.*, 224 AD3d 501, 504 [1st Dept 2024]). However, leave may be denied if the proposed amendment would cause undue prejudice to a party (*see, Kocourek v Booz Allen Hamilton Inc.*, 85 AD3d 502, 504 [1st Dept 2011]), or if it is palpably insufficient or patently devoid of merit (*see Bag Bag v Alcobi*, 129 AD3d 649, 649 [1st Dept 2015]). Furthermore, "[a]mendments that seek to add a time-barred claim or party will be found to be patently devoid of merit, unless the untimeliness can be saved by application of the relation-back doctrine" (*Kolodziejski v N. Shore Univ. Hosp.*, 242 AD3d 971, 972 [2d Dept 2025] [internal quotation marks and citation omitted]).

To satisfy the relation-back doctrine a movant seeking to amend its complaint must demonstrate that:

> "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well" (*Buran v Coupal*, 87 NY2d 173, 178 [1995] [internal quotation marks and citation omitted]).

To establish unity of interest, the movant must show that the interest of the parties "in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Matter of Nemeth v K-Tooling*, 40 NY3d 405, 415 [2023] [internal citation omitted]). However, there is no unity of interest where defendants have divergent interest in the litigation and may assert different defenses (*see, Y.C. v Catholic Charities of Staten Island, Inc.*,

236 AD3d 457, 458 [1st Dept 2025]). Regarding the third element of the relation-back doctrine, "a plaintiff need only show a mistake was made in not adding additional defendants before the applicable statute of limitations expired, not that the mistake was also excusable" (*Ellis v Newmark & Co. Real Estate, Inc.*, 209 AD3d 520, 522 [1st Dept 2022] [internal citation omitted]). However, a party's failure to timely name a party is not a mistake where they did not make a diligent attempt to ascertain the correct party (*see, Tucker v Lorieo*, 291 AD2d 261, 262 [1st Dept 2002]; *Greater New York Mutual Insurance. Co. v Coach, Inc.*, 112 AD3d 438, 438 [1st Dept 2013]).

Here, plaintiff seeks to bring a personal injury cause of action against Eissa which is subject to a three-year statute of limitations accruing from the date of the accident (*see,* CPLR § 214; *Murphy v Harris*, 210 AD3d 410, 412 [1st Dept 2022]). Accordingly, plaintiff's time to commence a timely claim against Eissa for the alleged claim in this matter expired on November 7, 2024, well before the instant motion. Nevertheless, an untimely complaint is not fatal, should plaintiff satisfy each element of the relation back doctrine. Here, however, plaintiff failed to establish the applicability of the relation back doctrine.

Plaintiff concedes that he had knowledge of Eissa's identity prior to the expiration of statute of limitations but fails to offer any explanation for his delay in filing the instant motion approximately eleven months past the expiration of the statute of limitations. Plaintiff has not demonstrated that Eissa had notice that he would be named in this litigation. Nor has plaintiff demonstrated that his failure to name Eissa was a mistake as plaintiff did not demonstrate how plaintiff diligently attempted to pursue a claim against Eissa. Therefore, as all the elements necessary to evoke the relation-back doctrine have not been satisfied, plaintiff's cross-motion to amend the complaint in this matter is denied.

151733/2023  LEIBA, YOSI vs. CB LIVERY LEASING LLC ET AL
Page 6 of 7
Motion No. 002

[* 6]
6 of 7

The court also notes that plaintiff has filed the Note of Issue stating that all pleadings have been served and all discovery now known to be necessary has been completed (NYSCEF 74). The Note of Issue is contrary to plaintiff's cross-motion, as the filing of a note of issue and certificate of readiness denotes the end of the discovery phase of litigation (*see, Arons v Jutkowitz*, 9 NY3d 393, 411 [2007]).

The court has considered the parties' additional arguments, even if not specifically addressed and finds them unpersuasive.

## CONCLUSION

Accordingly, it is

ORDERED, that the motion of defendant, CB Livery Leasing LLC is denied; and it is further

ORDERED, that the cross-motion of plaintiff Yosi Leiba is denied.

This constitutes the decision and order of the court.

| 3/11/2026 | | |
| --- | --- | --- |
| DATE | | CHRISTOPHER CHIN, J.S.C. |

CHECK ONE:

| | | | | |
| --- | --- | --- | --- | --- |
| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| | GRANTED | X DENIED | | GRANTED IN PART | OTHER |

APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER |

CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

151733/2023  LEIBA, YOSI vs. CB LIVERY LEASING LLC ET AL
Motion No. 002

Page 7 of 7